**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

No. 97-2053

DAVID K. GUARDIA, M.D.,

Defendant - Appellee.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CR 96-244 BB)**

Tara C. Neda, Assistant U.S. Attorney (John J. Kelly, United States Attorney, with her on the briefs), Office of the U.S. Attorney for the District of New Mexico, Albuquerque, New Mexico, appearing for Plaintiff-Appellant.

Leigh A. Kenny (Charles W. Daniels and Nancy Hollander with her on the brief), Freedman, Boyd, Daniels, Hollander, Guttmann & Goldberg, P.A., Albuquerque, New Mexico, appearing for Defendant-Appellee.

Before TACHA, HENRY, and LUCERO, Circuit Judges.

TACHA, Circuit Judge.

On September 5, 1996, a federal grand jury in New Mexico returned an

indictment charging defendant David Guardia with two counts of sexual abuse in

violation of 18 U.S.C. § 2242(2)(A). In addition, the grand jury charged the defendant under the Assimilative Crimes Statute, 18 U.S.C. § 13, with two counts of criminal sexual penetration in violation of N.M. STAT. ANN. § 30-9-11(E) (Michie Supp. 1997) and two counts of battery in violation of N.M. STAT. ANN. § 30-3-4 (Michie 1978). These charges arose from the defendant's allegedly improper behavior during gynecological exams he performed at Kirtland Air Force Base in October and November of 1995. Dr. Guardia moved in limine to exclude evidence proffered by the United States under Federal Rule of Evidence 413. The district court granted Dr. Guardia's motion, finding under Federal Rule of Evidence 403 that the risk of jury confusion substantially outweighed the probative value of the Rule 413 evidence. See United States v. Guardia, 955 F. Supp. 115 (D.N.M. 1997). This appeal followed. We exercise jurisdiction under 18 U.S.C. § 3731 and affirm.

## BACKGROUND

The indictment is based upon the complaints of two alleged victims who contend that Dr. Guardia sexually abused them in the course of gynecological procedures that he conducted at Kirtland. Both complainants, Carla G. and Francesca L., allege that during an examination Dr. Guardia engaged in direct clitoral contact that exceeded the bounds of medically appropriate examination techniques and constituted sexual abuse. Francesca L. alleges that Dr. Guardia

demonstrated the sexual nature of his conduct by stating "I love my job" during the examination. In addition, Carla G. alleges that Dr. Guardia called her at home and performed other acts suggesting his sexual interest in her. Neither of the examinations occurred in the presence of a chaperon.

In addition to offering the testimony of Carla G. and Francesca L., the government moved to introduce, under Rule 413, the testimony of four women who allege that Dr. Guardia abused them during gynecological examinations in a manner similar to the alleged abuse of Carla G. and Francesca L. For example, two of the four additional witnesses also complained of excessive, direct clitoral contact, and one complained of similarly suggestive comments. On the other hand, the testimony of Carla G. and Francesca L. differs significantly in some respects from the testimony of the Rule 413 witnesses. For instance, one of the witnesses complains that Dr. Guardia improperly touched her breasts, not her pelvic area. Another complains of the defendant's use of a medical instrument, not his hands. Chaperons were present during the examination of two of the four Rule 413 witnesses. All six women had extraordinary gynecological problems that appeared to require different courses of treatment and examination.

After considering the nature and content of the testimony proffered under Rule 413, the district court applied Rule 403 and excluded the evidence. The government appeals the district court's determination.

**DISCUSSION**

Congress recently enacted Federal Rule of Evidence 413, along with Rules 414 and 415, as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, tit. XXXII, § 320935(a), 108 Stat. 1796, 2136 (1994). This case presents important questions regarding the way in which Rule 413 interacts with Rule 403. The latter rule gives trial courts discretionary authority to exclude certain evidence when the prejudicial value of the evidence substantially outweighs its probative value. See Fed. R. Evid. 403.

We review legal interpretations of the federal rules of evidence de novo. See Reeder v. American Economy Ins. Co., 88 F.3d 892, 894 (10th Cir. 1996). In this appeal, we first define the requirements for admission of evidence under Rule 413. We then conclude, following United States v. Meacham, 115 F.3d 1488 (10th Cir. 1997), that Rule 403 applies to evidence introduced under Rule 413. Finally, we explain how the Rule 403 balancing test should proceed. We conclude that the district court made no error of legal interpretation in this case. Having so found, we review the court's Rule 403 decision for an abuse of discretion, see United States v. Davis, 40 F.3d 1069, 1076 (10th Cir. 1994), and find none.

## I. Requirements of Rule 413

Rule 413 provides in pertinent part:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 413(a). Thus, evidence offered under Rule 413 must meet three threshold requirements before a district court can admit it. A district court must first determine that "the defendant is accused of an offense of sexual assault." Id.; cf. Fed. R. Evid. 413(d) (defining an "offense of sexual assault"); Frank v. County of Hudson, 924 F. Supp. 620, 625 (D.N.J. 1996) (noting similar requirement for Rule 413's companion Rule 415). Second, the court must find that the evidence proffered is "evidence of the defendant's commission of another offense of . . . sexual assault." Fed. R. Evid. 413(a); see also Frank, 924 F. Supp. at 625. The district court implicitly recognized these requirements in its hearing on the motion in limine and in its written opinion. See United States v. Guardia, 955 F. Supp. 115, 117, 119 (D.N.M. 1997); Tr. of Mot. Hr'g, December 30, 1996, passim.

The third requirement, applicable to all evidence, is that the evidence be relevant. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). The rules define relevant evidence as evidence that "ha[s] any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant. See Old Chief v. United States, 117 S. Ct. 644, 650 (1997) ("Propensity evidence is relevant . . . .") (citations and internal quotation marks omitted); Michelson v. United States, 335 U.S. 469, 475-76 (1948) (noting the "admitted probative value" of propensity evidence).

In most cases, though not in Rule 413 cases, the court must exclude propensity evidence despite its acknowledged relevance. Rule 404(b) prohibits the use of prior acts of a person "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Under Rule 413, however, evidence of a defendant's other sexual assaults may be admitted "for its bearing on any matter to which it is relevant." Fed. R. Evid. 413 (emphasis added). Thus, Rule 413 supersedes Rule 404(b)'s restriction and allows the government to offer evidence of a defendant's prior conduct for the purpose of demonstrating a defendant's propensity to commit the charged offense. See United States v. Meacham, 115 F.3d 1488, 1491 (10th Cir. 1997); United States v. Roberts, 88 F.3d 872, 876 (10th Cir. 1996) (per curiam); United States v. Larson, 112 F.3d 600, 604 (2d Cir. 1997) (finding that the similarly worded Rule 414

allows evidence of a propensity to commit child molestation).  The district court made this same conclusion, see Guardia, 955 F. Supp. at 118, and did not err in its legal interpretation.

We turn now to the court's relevance finding in this particular case.  We will not upset the court's determination that evidence is relevant absent a clear abuse of discretion.  See United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir. 1988).  If believed, the Rule 413 evidence in this case would demonstrate that the defendant has a propensity to take advantage of female patients by touching them in a salacious manner and making comments while doing so.  Because the defendant's propensity is to engage in conduct which closely matches that alleged in this case, the evidence is probative of his guilt.  The district court implicitly recognized the relevance of this evidence by acknowledging that it contains some, albeit limited, probative value to the government's case.  See United States v. Guardia, 955 F. Supp. 115, 118 (D.N.M. 1997).  We find no abuse of discretion.  The evidence proffered in this case, therefore, satisfies Rule 413's three threshold requirements.

## II.  The Applicability of Rule 403

The district court also properly concluded that the Rule 403 balancing test applies to evidence submitted under Rule 413.  This conclusion is a legal determination that we review de novo.  See Reeder v. American Economy Ins.

Co., 88 F.3d 892, 894 (10th Cir. 1996). Rule 403 allows a district court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice" or other enumerated considerations, including confusion of the issues or undue delay. Fed. R. Evid. 403. Rule 403 applies to all evidence admitted in federal court, except in those rare instances when other rules make an exception to it. See, e.g., Fed. R. Evid. 609(a)(2) (mandating that prior conviction of a witness be admitted for impeachment purposes if prior crime involved dishonesty).

The wording of Rule 413 has led some commentators to infer that it creates an exception for itself to the Rule 403 balancing test. See Guardia, 955 F. Supp. at 117 (noting scholarly debate). Rule 413 states that evidence meeting its criteria "is admissible." Fed. R. Evid. 413. Rule 412, on the other hand, which also allows evidence of prior sexual behavior, states that certain evidence "is admissible, if otherwise admissible under these rules." Fed. R. Evid. 412(b) (emphasis added). One could assume from this fact that because the emphasized clause does not appear in Rule 413, Congress intended to make the introduction of Rule 413 evidence mandatory rather than subject to the discretion of the trial judge under Rule 403. See Judicial Conference of the United States, Report of the Judicial Conference on the Admission of Character Evidence in Certain Sexual Misconduct Cases, 159 F.R.D. 51, 53 (1995) (noting that the advisory

committee believed the above position to be "arguable").

The other rules, however, demonstrate that the difference between Rule 412 and Rule 413 is not significant. Most importantly, Rule 402, the rule allowing admission of all relevant evidence and a rule to which the 403 balancing test undoubtedly applies, contains language no more explicit than that in Rule 413. The rule states simply that "[a]ll relevant evidence is admissible." Fed. R. Evid. 402 (emphasis added). Furthermore, when the drafters of the federal rules of evidence alter the 403 balancing test or make it inapplicable to certain evidence, they use language much more explicit than that found in Rule 413. See, e.g., Fed. R. Evid. 609(a)(2) (stating that convictions involving dishonesty "shall be admitted" for impeachment purposes); Fed. R. Evid. 609(a)(1) (requiring court to find that the probative value of a prior conviction outweighs its prejudicial effect on the accused).

Thus, in United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997), we found that evidence proffered under Rule 414, which concerns prior acts of child molestation and uses language identical to Rule 413, is subject to Rule 403 balancing. See also United States v. Sumner, 119 F.3d 658, 661 (8th Cir. 1997) (concluding that Rule 403 applies to Rule 414); United States v. Larson, 112 F.3d 600, 604-05 (2d Cir. 1997) (same). Following Meacham, and for the above reasons, we hold that the 403 balancing test applies to Rule 413 evidence.

### III. The 403 Balancing Test and Rule 413

In accordance with the above, after the district court resolves the three threshold issues, including a finding that the proffered evidence is relevant, it must proceed to balance the probative weight of the Rule 413 evidence against "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. We hold that a court must perform the same 403 analysis that it does in any other context, but with careful attention to both the significant probative value and the strong prejudicial qualities inherent in all evidence submitted under 413.

### A. Legal Principles

Rule 413 marks a sea change in the federal rules' approach to character evidence, a fact which could lead to at least two different misapplications of the 403 balancing test. First, a court could be tempted to exclude the Rule 413 evidence simply because character evidence traditionally has been considered too prejudicial for admission. Cf. Old Chief v. United States, 117 S. Ct. 644, 651 (U.S. 1997) (stating that Rule 404(b) merely "reflects . . . common law tradition"). Second, a court could perform a restrained 403 analysis because of the belief that Rule 413 embodies a legislative judgment that propensity evidence regarding sexual assaults is never too prejudicial or confusing and generally

should be admitted.  See United States v. LeCompte, No. 97-1820SD, 1997 WL 781217, at *2 (8th Cir. 1997).

We find both interpretations illogical.  With regard to the first position, we note that this court refrains from construing the words and phrases of a statute--or entire statutory provisions--in a way that renders them superfluous.  See DePaoli v. Commissioner, 62 F.3d 1259, 1264 (10th Cir. 1995); United States v. McHenry, 968 F.2d 1047, 1048 (10th Cir. 1992).  Rule 413 allows for evidence that otherwise would be excluded to be admitted.  If Rule 413 evidence were always too prejudicial under 403, Rule 413 would never lead to the introduction of evidence.  Therefore, Rule 413 only has effect if we interpret it in a way that leaves open the possibility of admission.

This interpretation harmonizes with the Supreme Court's comment in Old Chief and similar statements in the advisory committee's notes to Rules 401 and 403 that the ban on character evidence is merely an application of Rule 403 to a recurring issue.  See Old Chief, 117 S. Ct. at 651.  All of the rules in Article IV of the Federal Rules of Evidence, not just Rule 404, are "concrete applications [of rules 402 and 403] evolved for particular situations."  Fed. R. Evid. 403 advisory committee's note.  The fact that Congress created Rule 413 can only mean that Congress intended to partially repeal the "concrete application" found in 404(b) for a subset of cases in which Congress found 404(b)'s rigid rule to be

- 11 -

inappropriate. That conclusion is not surprising, given the fact that propensity evidence has a unique probative value in sexual assault trials and that such trials often suffer from a lack of any relevant evidence beyond the testimony of the alleged victim and the defendant. See Mark A. Sheft, Federal Rule of Evidence 413: A Dangerous New Frontier, 33 AM. CRIM. L. REV. 57, 69-70 (1995). Rule 413 is a refinement, and it exemplifies the type of evolution of Rules 402 and 403 that one can expect to find in Article IV.

While Rule 413 removes the per se exclusion of character evidence, courts should continue to consider the traditional reasons for the prohibition of character evidence as "risks of prejudice" weighing against admission. For example, a court should, in each 413 case, take into account the chance that "a jury will convict for crimes other than those charged--or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." Old Chief, 117 S. Ct. at 650 (citations and internal quotation marks omitted). A court should also be aware that evidence of prior acts can have the effect of confusing the issues in a case. See Michelson v. United States, 335 U.S. 469, 476 (1948). These risks will be present every time evidence is admitted under Rule 413. See United States v. Patterson, 20 F.3d 809, 814 (10th Cir. 1994) ("Evidence of prior bad acts will always be prejudicial."). The size of the risk, of course, will depend on the individual case.

With regard to the second potential misapplication of Rule 413, the government urges us to approve a lenient 403 balancing test. We agree that Rule 413, like all other rules of admissibility, favors the introduction of evidence. See 140 Cong. Rec. H8968-01, H8991 (Aug. 21, 1994) (statement of S. Molinari) ("The presumption is in favor of admission."), quoted in United States v. Enjady, No. 96-2285 (10th Cir. 1998). Rule 413, however, contains no language that supports an especially lenient application of Rule 403. Furthermore, courts apply Rule 403 in undiluted form to Rules 404(a)(1)-(3), the other exceptions to the ban on propensity evidence. Those rules allow a criminal defendant to use character evidence of himself, his victim, or in limited circumstances, of other witnesses, in order to "prov[e] action in conformity therewith." Fed. R. Evid. 404(a)(1-3). Like Rule 413, these rules carve out exceptions to Rule 404(a) and reflect a legislative judgment that certain types of propensity evidence should be admitted. Courts have never found, however, that because the drafters made exceptions to the general rule of 404(a), they tempered 403 as well. See United States v. Mangiameli, 668 F.2d 1172, 1176 (10th Cir. 1982) (finding that trial court did not abuse its discretion in excluding Rule 404(a)(3) evidence); United States v. Schatzle, 901 F.2d 252, 256 (2d Cir. 1990) (upholding exclusion of Rule 404(a)(2) evidence).

Similarly, under Rule 404(b), evidence of a person's prior acts can be used

- 13 -

for other purposes other than proving character. Despite Rule 404(b)'s legislative judgment in favor of admission, Rule 403 applies with all its vigor to Rule 404(b) evidence. See Huddleston v. United States, 485 U.S. 681, 687-88 (1988) (noting that rules of admissibility in Article IV are subject to "general strictures . . . such as Rules 402 and 403").

When balancing Rule 413 evidence under 403, then, the district court should not alter its normal process of weighing the probative value of the evidence against the danger of unfair prejudice. In Rule 413 cases, the risk of prejudice will be present to varying degrees. Propensity evidence, however, has indisputable probative value. That value in a given case will depend on innumerable considerations, including the similarity of the prior acts to the acts charged, see United States v. Edwards, 69 F.3d 419, 436 (10th Cir. 1995), cert. denied, 116 S. Ct. 2497 (1996), the closeness in time of the prior acts to the charged acts, see id., the frequency of the prior acts, the presence or lack of intervening events, see United States v. Wacker, 72 F.3d 1453, 1469 (10th Cir.), cert. denied, 117 S. Ct. 136 (1996), and the need for evidence beyond the testimony of the defendant and alleged victim. Because of the sensitive nature of the balancing test in these cases, it will be particularly important for a district court to fully evaluate the proffered Rule 413 evidence and make a clear record of the reasoning behind its findings. See United States v. Roberts, 88 F.3d 872, 881

(10th Cir. 1996) (per curiam) (requiring findings for analysis of Rule 404(b) evidence under Rule 403).

## B.  Balancing in the Present Case

The decision to exclude evidence under Rule 403 is within the sound discretion of the trial court, and will be reversed only upon a showing of a clear abuse of that discretion.  See Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1526 (10th Cir. 1997).  During the motion hearing and in its written decision, the district court made clear that its overriding, if not exclusive, concern was the danger that the proffered testimony would confuse the issues in the case, thereby misleading the jury.[1]  The district court properly exercised its discretion in determining that the potential for confusion of the issues substantially outweighed the probative value of the proffered testimony.

We must consider the trial court's ruling in light of the unusual nature of this case.  This trial undoubtedly will focus upon whether the manner in which Dr. Guardia examined the complaining patients was medically appropriate.  Unlike other sexual assault cases, resolution of credibility issues alone will not enable the jury to decide whether Dr. Guardia's act was proper.  Rather, the jury will be required to evaluate expert testimony regarding the medical propriety of

---

[1] To the extent that the district court discussed potential delay caused by a number of additional witnesses, the record reveals that it was motivated by a fear that the jury would be confused by the additional testimony.

each examination to determine whether Dr. Guardia acted within the scope of his patients' consent.

Because so much depends upon the medical propriety of Dr. Guardia's conduct towards Carla G. and Francesca L., the fact that Dr. Guardia treated the four additional witnesses under similar but distinct circumstances creates a substantial risk of jury confusion. Admission of the testimony would transform the trial of two incidents into the trial of six incidents, each requiring description by lay witnesses and explanation by expert witnesses. The subtle factual distinctions among these incidents would make it difficult for the jury to separate the evidence of the uncharged conduct from the charged conduct. See 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure, § 5412, at 273 (Supp. 1997) (noting the potential for confusion when Rule 413 evidence is admitted).

Expert testimony explaining the propriety of Dr. Guardia's conduct as to each witness would exacerbate the risk of confusion by multiplying conflicting and overlapping testimony. Although the evidence proffered under Rule 413 is probative of Dr. Guardia's disposition and supports the testimony of the complaining witnesses, we cannot conclude that the district court exceeded the bounds of permissible choice by excluding the evidence under the circumstances of this case.

Finally, we reject the government's contention that the district court erred by failing to engineer a method of presenting the evidence to minimize the risk of jury confusion. In Hill v. Bache Halsey Stuart Shields Inc., 790 F.2d 817, 826-27 (10th Cir. 1986), we held that the district court abused its discretion under Rule 403 because it excluded evidence that had a high probative value even though its prejudicial effect could have been minimized through a "less elaborate" method of presentation. In this case, however, the evidence that the district court excluded is not realistically susceptible to any less elaborate presentation than that proposed by the government. Thus, the district court did not abuse its discretion by failing to require such a presentation.

## CONCLUSION

Evidence must pass several hurdles before it can be admitted under Rule 413. First, the defendant must be on trial for "an offense of sexual assault." Second, the proffered evidence must be of "another offense of . . . sexual assault." Third, the trial court must find the evidence relevant--that is, the evidence must show both that the defendant had a particular propensity, and that the propensity it demonstrates has a bearing on the charged crime. Fourth and finally, the trial court must make a reasoned, recorded finding that the prejudicial value of the evidence does not substantially outweigh its probative value.

In this case, the district court's colloquy with the attorneys at the motion

hearing and the court's written decision reflect its thoughtful consideration of both the relevance of the Rule 413 evidence and the policies behind Rule 403. Given the deference due district courts in making Rule 403 determinations, we find that the district court did not abuse its discretion in concluding under Rule 403 that the risk of jury confusion substantially outweighed the probative value of the Rule 413 evidence proffered by the government. Therefore, the decision of the district court is AFFIRMED.