F I L E D
United States Court of Appeals
Tenth Circuit

AUG 4 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

SEREFINO CASTILLO,

  Defendant - Appellant.

No. 98-2191

(CR-95-634-JC)

(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **HENRY**, Circuit Judges.

Defendant Serefino Castillo was convicted by a jury of eight counts of sexual abuse and sexual abuse of a minor in violation of 18 U.S.C. §§ 2242(1) and 2243(a)(1). On direct appeal, this court affirmed Defendant's conviction in most respects. See United States v. Castillo, 140 F.3d 874, 889 (10th Cir. 1998). Specifically, we held that Federal Rule of Evidence 414 was constitutional and was effective at the time of Defendant's trial. At the same time, we concluded that the district court's ruling on whether the Rule 414 evidence should have been

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

excluded under Federal Rule of Evidence 403 was insufficient for our review. We therefore remanded for an explanation of the court's ruling under Rule 403. "Because of the unique nature of character evidence, . . . [we instructed] the trial court [to] 'make a reasoned, recorded' statement of its 403 decision." Id. at 884. Defendant now appeals from the court's Clarification of Reasoning on Remand. We exercise jurisdiction under 28 U.S.C. § 1291.

We review the admission of evidence for an abuse of discretion. See United States v. Guardia, 135 F.3d 1326, 1328 (10th Cir. 1998). "A district court has broad discretion in balancing the probative value of evidence against its potential prejudicial effect[] and will be reversed only on a showing of abuse of that discretion." United States v. Scarborough, 128 F.3d 1373, 1378 (10th Cir. 1997).

On appeal, Defendant argues that he is entitled to a new trial because the Rule 414(a) evidence was improperly admitted in violation of Rule 403. Specifically, he asserts that the probative value of the evidence was substantially outweighed by its prejudicial effect on the jury because it was of limited probative value, unnecessary, highly prejudicial, and confusing to the jury. Rule 403 imposes a balancing test which instructs the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid.

403.  In United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997), we held that prior acts evidence under Rule 414 was subject to Rule 403.  Our statement providing that "courts are to 'liberally' admit evidence of prior uncharged sex offenses" under Rule 414, id. at 1492, does not mean that they can ignore the parameters of Rule 403.  The "balancing [test] is still applicable."  Id. Moreover, while propensity evidence is certainly suspect because of the risk that the jury will convict a defendant on the basis of uncharged behavior, see United States v. Enjady, 134 F.3d 1427, 1430 (10th Cir.), cert. denied, __ U.S. __ , 119 S. Ct. 202 (1998), it is clear that the district court must consider a series of matters when conducting the Rule 403 balancing test.  These matters include:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence.  When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Id. at 1433 (quotation marks and citation omitted).

In its thorough and well-reasoned explanation on remand, the district court stated that it "conducted the balancing test of Rule 403 to find that the probative value of the evidence substantially outweighed any unfair prejudice to the defendant."  R., Vol. I, Doc. 70 at 1.  Our review of the record demonstrates that

the court clearly considered and applied the Enjady factors. The victims of the charged acts in this case, Defendant's two daughters, are the same victims of the uncharged conduct. While one daughter testified to three acts of charged abuse and one uncharged act, the other daughter testified to one act of charged abuse and stated that the same conduct occurred two other times. The court found that this testimony was "highly probative of the father's sexual proclivities towards his daughters and a demonstrated pattern of sexually abusing them." Id. at 2. The court further believed that the testimony "was probative in assessing the girls' credibility in light of any confusion of specific factual details as to the charged acts." Id. In addition, the court indicated that the evidence provided context for the charged offenses because both the uncharged and the charged conduct took place during the summer of 1994 and because the uncharged "incidents were strikingly similar to those charged in the indictment." Id. The court also reasoned that the similarity of the abuse demonstrated that Defendant's "physical contact was intentional and pervasive." Id. Finally, the court determined that the jury could reasonably find that the other acts of abuse occurred. See id. at 3.

With respect to the danger of prejudice stemming from the testimony, the court determined that, because the testimony regarding the uncharged acts of sexual abuse took very little time (it was essentially only two sentences) and

-4-

"[was] fleeting in character," id. at 2, it would have neither "inflamed the jury's passion so as to prejudice the defendant," nor confused or misled the jury. Id. at 3.

Having reviewed the record, we conclude that the district court did not abuse its discretion under Federal Rules of Evidence 403 and 414 in admitting the victims' brief testimony of three uncharged acts of sexual abuse. First, we agree that the uncharged act was sufficiently proved by the testimony of the victims and corroborated by the doctors' testimony.[1] Likewise, the victims' testimony of uncharged abuse corroborated the doctors' testimony concerning Defendant's practice of abuse. "[E]vidence that the charged offense was part of a broader pattern of molestation may be important to put the charge in perspective . . . ." 137 CONG. REC. S3242 (daily ed. Mar. 13, 1991). Indeed, we believe that the uncharged acts were probative of establishing Defendant's specific inclination or disposition to engage in acts of sexual abuse against his daughters. See Castillo, 140 F.3d at 879 ("[Rule 414] allows the prosecution to use evidence of a defendant's prior acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity, to commit child

---

[1]We note that the admissibility of the doctors' testimony concerning incidents of sexual abuse is not properly before us. See Castillo, 140 F.3d at 879 n.1 (stating that the district court admitted this testimony under Fed. R. Evid. 803(4)).

molestation."). The testimony was admitted to prove the material fact that Defendant had abused his children, which was the only real issue at trial. Finally, because the only other available evidence–the mother's and doctors' testimony–corroborated the daughters' testimony by confirming the specific charged acts of abuse and Defendant's proclivities, we do not think that the government could have availed itself of any less prejudicial evidence.

With respect to the possible prejudice caused by this testimony, we agree with the district court that the risk of unfair prejudice was low. It was not likely that the testimony concerning three uncharged incidents contributed to an improper decision by the jury, especially in light of the other evidence that Defendant appears to concede abundantly shows his guilt. Further, the fact that the uncharged acts were similar in nature to the charged abuse and occurred near in time to the charged offenses does not mean that it was difficult for the jury to separate the evidence of charged and uncharged instances. In fact, we think the jury easily could have distinguished the evidence in light of the simplicity of the conduct, both charged and uncharged, the fact that there were only two victims who testified to both charged and uncharged acts, and the fact that there were only four instances of charged abuse and three instances of uncharged abuse in the case. The court's instruction to the jury that "Defendant is not on trial for any act, conduct, or offense not alleged in the Indictment" sufficiently cautioned the

jury not to use evidence of uncharged abuse as proof of the charged acts.  R., Vol. I, Doc. 49 at Instr. No. 8.  Further, the evidence was not likely to distract the jury from the central issues of the trial because the central issues were simply to determine whether Defendant committed four acts of sexual abuse against his two daughters.  Finally, the testimony was *not at all* time consuming, and we do not think that any "cumulative impact" unfairly prejudiced Defendant.  Appellant's Br. at 5.

Accordingly, we hold that the district court fully considered and properly applied the balancing test under Rule 403 and did not abuse its discretion by determining that the evidence was not unfairly prejudicial to Defendant or confusing to the jury.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge