**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

NED EDWARD STAMPER, JR., a/k/a
Eddie Stamper, a/k/a Eddie,
    *Defendant-Appellant.*

No. 03-4777

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-02-74)

Submitted: June 30, 2004

Decided: August 11, 2004

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North
Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney,
Donald D. Gast, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ned Edward Stamper, Jr., was convicted by a jury for committing a sexual act on a person physically incapable of declining participation, 18 U.S.C. §§ 1153, 2242(2) (2000), and committing a sexual act with a minor between the ages of twelve and sixteen, 18 U.S.C. §§ 1153, 2243(a) (2000). He received a 136-month sentence. Stamper maintains on appeal that, while the admission of the testimony of two victims of prior sex offenses is governed by Rules 413 and 414 of the Federal Rules of Evidence, the district court erred in not excluding the testimony under Fed. R. Evid. 403 because the prejudicial effect of admitting the evidence outweighed its probative value. Assuming that the testimony was admissible, Stamper further argues that Rules 413 and 414, as applied to him in this case, violate the Fifth Amendment to the U.S. Constitution by treating similarly situated persons differently absent a rational basis for doing so. Finding no reversible error, we affirm.

This Court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Leftenant*, 341 F.3d 338, 342 (4th Cir. 2003), *cert. denied*, 124 S. Ct. 1183 (2004). This Court defers to the balancing engaged in by the district court under Rule 403 "unless it is an arbitrary or irrational exercise of discretion." *United States v. Heater*, 63 F.3d 311, 321 (4th Cir. 1995).

Rules 413 and 414 of the Federal Rules of Evidence create exceptions to the general rule that evidence of past crimes may not be used "to prove the character of a person in order to show action in conformity therewith." *See* Fed. R. Evid. 404(b). While 404(b) limits the purposes for which prior bad act evidence may be used, Rule 413 explicitly states that evidence of prior acts of sexual assault is admissible for "any matter to which it is relevant" in an ongoing sexual assault prosecution. *See* Fed. R. Evid. 413. Likewise, Rule 414 per-

mits the introduction of evidence of past child molestation offenses in child molestation prosecutions. *See* Fed. R. Evid. 414. Hence, unlike Rule 404(b), Rules 413 and 414 allow the admission of evidence for the purpose of establishing propensity to commit other sexual offenses. *See United States v. Castillo*, 140 F.3d 874, 879 (10th Cir. 1998) (stating that in child molestation cases, Rule 414 replaces Rule 404(b) and allows the prosecution to use evidence of a defendant's prior acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity, to commit child molestation); *United States v. LeCompte*, 131 F.3d 767, 769-70 (8th Cir. 1997) (acknowledging Congressional intent that the new rules, Rule 413 and Rule 414, will supersede in sex offense cases the restrictive aspects of 404(b)); *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) (noting that in contrast to Rule 404(b), Rule 414 permits evidence of other instances of child molestation as proof of, *inter alia*, a "propensity" of the defendant to commit child molestation offenses).

Evidence offered under Rules 413 and 414 must satisfy three elements: (1) the defendant must be accused of an offense of sexual assault or child molestation; (2) the evidence proffered must pertain to the defendant's commission of another sexual assault or child molestation; and (3) the evidence must be relevant. Fed. R. Evid. 413(a); *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000); *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998).

Evidence that is relevant under Rules 413 and 414, however, is also subject to Fed. R. Evid. 403. *See Castillo*, 140 F.3d at 884 (applying Rule 403 to Rule 414 evidence); *Guardia*, 135 F.3d at 1330 (holding that the balancing test of Rule 403 applies to Rule 413 evidence). Therefore, even if the district court concludes that the proffered evidence falls within the ambit of either Rule 413 or 414, it must still consider whether the probative value of the evidence is "substantially outweighed" by the risk of prejudice, confusion, or undue delay. Fed. R. Evid. 403. However, Rule 403 must be applied to allow Rules 413 and 414 their intended effect. *LeCompte*, 131 F.3d at 769; *see also Guardia*, 135 F.3d at 1331 (noting Congressional intent that the presumption be in favor of admission); *Larson*, 112 F.3d at 604 (quoting Congressional sponsors' statements that "[t]he presumption is that the evidence admissible pursuant to these rules is typically relevant and

probative, and that its probative value is not outweighed by any risk of prejudice").

As part of its Rule 403 analysis, the district court should consider factors that affect the probative value of the proffered evidence, including the similarity of the prior acts to the act charged, the closeness in time of the prior acts to the charged conduct, the frequency of the prior acts, the presence or absence of intervening events, and the need for additional testimony to explain the prior acts. *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir. 2002); *Guardia*, 135 F.3d at 1331. In light of the sensitive nature of the evidence proffered, it is important that the district court fully evaluate these factors and others that might arise on a case-by-case basis, and make a clear record concerning its decision whether or not to admit such evidence. *Blind-Doan*, 291 F.3d at 1082; *Guardia*, 135 F.3d at 1331. We find that the district court did not abuse its discretion in admitting the evidence.

Stamper next argues that Rules 413 and 414 are unconstitutional as applied to him because Congress lacked a rational basis to enact the rules. The constitutionality of a statute is reviewed de novo. *United States v. Sun*, 278 F.3d 302, 308 (4th Cir. 2002). We reject Stamper's argument of the constitutionality on equal protection grounds. *See United States v. McHorse*, 179 F.3d 889, 897 (10th Cir. 1999) (rejecting defendant's argument that Rule 414(a) violates the Fifth Amendment's equal protection guarantees because federal sex crime prosecutions are disproportionately targeted at Native Americans); *Castillo*, 140 F.3d at 883 (holding that Congress' objective of enhancing effective prosecution of child sexual abuse is a rational basis for Rule 414(a)); *United States v. Enjady*, 134 F.3d 1427, 1434 (10th Cir. 1998) (rejecting equal protection claim stating that nature of sex offense prosecutions frequently involve victim-witnesses who are traumatized and unable to effectively testify, and offenders who often have committed many similar crimes before their arrest on the charged crime); *see also United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001) (holding that Rule 414 does not violate the Due Process Clause of the Constitution); *United States v. Mound*, 149 F.3d 799, 800-01 (8th Cir. 1998) (concluding that Rule 413 passes constitutional muster if Rule 403 protections remain in place).

Accordingly, we affirm Stamper's convictions and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*