FILED
United States Court of Appeals
Tenth Circuit

**February 9, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

v.

JOHNNY BEGAY,

      Defendant - Appellee.

No. 08-2149
(D.C. No. 07-CR-01556)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLLOWAY**, and **BRISCOE**, Circuit Judges.

---

Defendant-Appellee Johnny Begay was indicted on one count of aggravated sexual abuse of a child in Indian Country, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(3). Aplt. App. 7. On June 10, 2008, the United States filed a motion in limine seeking a pre-trial order permitting the government to introduce into evidence prior uncharged instances of sexual assault by Mr. Begay, pursuant to Federal Rule of Evidence 414. Aplt. App. 8-13. After holding an evidentiary

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearing, the district court denied the motion, concluding that the evidence did not survive the balancing test required under Federal Rule of Evidence 403. Aplt. App. 67-76. The government subsequently appealed. Aplt. App. 77. Our jurisdiction arises under 28 U.S.C. § 3731, and we affirm.

Background

On July 25, 2007, Mr. Begay was charged in a one-count indictment with knowingly engaging or attempting to engage in sexual contact with an Indian child not yet twelve between March 1, 2006, and April 30, 2006. Aplt. App. 7. Specifically, the indictment charged Mr. Begay with the "intentional penetration of the genital opening of Jane Doe by hand or finger or by any object with an intent to abuse" in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(3). Aplt. App. 7. In preparation for trial, the government sought to introduce evidence that Mr. Begay had sexually assaulted three persons prior to the time period charged in the present indictment. Aplt. App. 8-13. The three persons were Jane Doe #1, the alleged victim in this case; Jane Doe #2, the sister of the alleged victim; and Ms. Calandria Moore, their mother. Aplt. App. 9-10. Mr. Begay opposed the motion. Aplt. App. 14-27; Aplee. Supp. App. 4-12. On July 2, 2008, the district court held an evidentiary hearing, where both parties had an opportunity to present evidence and make arguments on the matter. Aplt. App. 28-66; Aplee. Supp. App. 1-15.

1.  The testimony of Jane Doe #1

The government first sought to introduce evidence through the testimony of Jane Doe #1 that Mr. Begay sexually assaulted her prior to the period alleged in the indictment.  Aplt. App. 47, 53-56.  Jane Doe #1, the alleged victim in this case, was born in 1994 and was thirteen years old when she testified at the evidentiary hearing.  Aplt. App. 47.  From the ages of six to twelve, Jane Doe #1 lived with her grandmother, Margie Begay, and her step-grandfather, the defendant, along with several other family members.  Aplt. App. 49-51.  Jane Doe #1 testified that, beginning when she was six years old until she was twelve, Mr. Begay touched her in her "privates," and that such conduct occurred "about two or three times a week," Aplt. App. 53-55, 59-60.[1]  Jane Doe #1 stated that the touching occurred at night in various rooms of her grandmother's house, including "in [her] grandma's room, in the living room, in the family room, and in [her] room."  Aplt. App. 55-56.  She further testified that she never told anyone about these occurrences until 2006 when she told her mother.  Aplt. App. 61-63.

2.  The testimony of Jane Doe #1 regarding Jane Doe #2

The government next sought the admission of evidence regarding Jane Doe #1's sister, Jane Doe #2.  Jane Doe #1 (not Jane Doe #2) provided this information stating, "Grandpa Johnny molested me and my little sister."  Aplt.

---

[1]  The charged timeframe in the Indictment refers to March 1, 2006, through April 30, 2006.

App. 53.  When asked further about her sister, Jane Doe #1 testified that she observed Mr. Begay "[sit] down by [Jane Doe #2] and pull[] down her underwear and start[] to touch her . . . in her private part."  Aplt. App. 54.  Jane Doe #1 testified that she only saw this happen once.  Aplt. App. 58.  She could not recall how old she was or how old her sister was at the time.  Aplt. App. 59.  Additionally, she testified that she did not tell anyone about this incident.  Aplt. App. 59.

### 3.  The testimony of Ms. Calandria Moore

Finally, the government sought the admission of prior allegations against Mr. Begay regarding Ms. Calandria Moore, Mr. Begay's step-daughter and the mother of Jane Doe #1 and #2.  Ms. Moore was thirty-three years old on the day of the hearing.  Aplt. App. 30.  At the evidentiary hearing, Ms. Moore testified that at one point when she was about ten years old, she awoke one night to Mr. Begay standing over her.  Aplt. App. 32.  She testified that Mr. Begay's hand was in her underwear.  Aplt. App. 32.  She testified that she immediately went into her mother's room and told her mother that she had had a nightmare.  Ms. Moore testified that her mother "told her to pray and go back to sleep."  Aplt. App. 32.

Ms. Moore further testified that "[i]t happened several times because sometimes I would just wake up to him just standing there over me, but I don't remember how many times."  Aplt. App. 37; see also Aplt. App. 41.  Ms. Moore also noted that these instances usually occurred at night.  Aplt. App. 32.

- 4 -

Additionally, she stated that they occurred approximately every week or two when she was between the ages of ten and twelve and eventually stopped when she was older. Aplt. App. 37-38. Ms. Moore testified that she never reported the situation to anyone, but that she eventually told her boyfriend at the start of their relationship. Aplt. App. 39-40.[2]

    4. The district court's ruling

After determining that the evidence met the requirements for admission under Rule 414, the district court engaged in a balancing test pursuant to Rule 403. Aplt. App. 68-70. The district court then excluded all three categories of Rule 414 testimony. Aplt. App. 71-75 .

Regarding Jane Doe #1's testimony of her own prior instances of sexual molestation by Mr. Begay, the court concluded that, "[a]lthough relevant, they represent uncharged offenses allegedly committed against the same victim of the charged offense." Aplt. App. 75. The district court found that the "jury could very well have its attention diverted from the specific charged time frame in the Indictment (March through April 2006), to uncharged, countless instances occurring over a period of at least five years." Aplt. App. 75. The district court also noted that Jane Doe #1 never reported these instances to anyone until she

---

[2] Ms. Moore's testimony is inconsistent as to when she would have told her boyfriend. She stated at one point that it was "three years ago," then "eight years ago," then in "2003," then when "[her] daughter was only almost a year, and she was born in 1998." Aplt. App. 40.

told her mother in 2006. Aplt. App. 75. In light of the potential unfair prejudice, confusion, and risk of misleading the jury, the district court found that the probative value of the evidence relating to Jane Doe #1 was substantially outweighed by its prejudicial effect, and thus excluded the evidence. Aplt. App. 75.

The district court also excluded Jane Doe #1's testimony regarding prior allegations of Mr. Begay's sexual molestation of Jane Doe #2. Aplt. App. 71. In support of exclusion, the district court noted that Jane Doe #2 never testified at the hearing, and that "it is not all that clear whether Jane Doe #2 even remembers the alleged molestation." Aplt. App. 71; Aplee. Supp. App. 3. Additional factors weighing in favor of exclusion included the fact that Jane Doe #1 could only remember this occurring once, that she could not recall how old she or Jane Doe #2 were at the time of the incident, and that Mr. Begay "hotly contested" this particular charge. Aplt. App. 71-72.

Finally, the district court excluded Ms. Moore's testimony, noting that Ms. Moore could not recall how many times Mr. Begay molested her and that it was unclear how many times he actually placed his hand in her underwear instead of merely standing over her. Aplt. App. 72-73. In addition, the district court noted the substantial lapse in time between the allegations regarding Ms. Moore and the presently charged conduct. Aplt. App. 73-74. Finally, the district court noted the difference in type of conduct alleged, remarking that the charged offense involved

"penetration of the genital opening of Jane Doe," whereas the allegations raised by Ms. Moore involved Mr. Begay's hand in her underwear. Aplt. App. 74. Combining the factors involved in the allegations raised by Ms. Moore, the district court again concluded that the evidence is "substantially more prejudicial than probative." Aplt. App. 74.

Discussion

We review a district court's evidentiary ruling regarding Rule 414 evidence for an abuse of discretion. United States v. Mann, 193 F.3d 1172, 1173 (10th Cir. 1999). We will not disturb a district court's ruling unless that court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991). Furthermore, we "defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." Id. (quoting McEwen, 926 F.2d at 1553-54).

Rule 414 states, "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). This presents an exception to the general rule prohibiting admission of character

- 7 -

evidence of an accused for the purpose of proving propensity to commit bad acts pursuant to Federal Rule of Evidence 404(a).  See United States v. Benally, 500 F.3d 1085, 1089 (10th Cir. 2007).  This court has further stated that Rule 414 evidence should be admitted liberally.  Id. at 1090 ("Consistent with congressional intent regarding the admission of evidence tending to show the defendant's propensity to commit sexual assault or child molestation, 'courts are to "liberally" admit evidence of prior uncharged sex offenses.'" (quoting United States v. Meacham, 115 F.3d 1488, 1492 (10th Cir. 1997))).

Under this court's precedent, admission of Rule 414 evidence first requires that "(1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant."  Id.  Upon finding that the proffered evidence meets these requirements, the court must then conduct a balancing test pursuant to Rule 403 to determine the admissibility of the evidence.  United States v. Enjady, 134 F.3d 1427, 1431 (10th Cir. 1998); Meacham, 115 F.3d at 1492.  Rule 403 may exclude otherwise admissible evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403; see also United States v. McHorse, 179 F.3d 889, 898 (10th Cir. 1999); United States v. Guardia, 135 F.3d 1326, 1329 (10th Cir. 1998).

When conducting the balancing test under Rule 403, the district court should consider

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence.  When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Enjady, 134 F.3d at 1433 (citation omitted).  The probative nature of the evidence may be assessed by considering

> (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony.

Benally, 500 F.3d at 1090-91.

In Guardia, we acknowledged that Rule 413 favors introduction of such evidence, but instructed district courts to apply Rule 403 in an undiluted fashion, attentive to the risks of unfair prejudice (the jury may convict for crimes other than those charged or because it views the defendant as a bad person) and jury confusion.  135 F.3d at 1330-31.[3]  We also indicated that each case turns on its

---

[3] Rule 413, like Rule 414, provides for the admission of prior instances of sexual assault.  Both rules allow for the admission of prior sexual acts involving a child, Benally, 500 F.3d at 1090 n.1, and both rules are subject to Rule 403 balancing, Guardia, 135 F.3d at 1330; Meacham, 115 F.3d at 1495.  Although this case involves the admissibility of Rule 414 evidence, we find the identical

facts and that reversal of a district court's decision to exclude evidence under Rule 403 requires a showing of a "clear abuse of . . . discretion." Guardia, 135 F.3d at 1331; see also United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) (stating that the court of appeals defers to district court's Rule 403 balancing unless arbitrary or irrational).

The district court properly followed the *procedures* set forth by this court in determining whether Rule 414 evidence is admissible. See Benally, 500 F.3d at 1090; McHorse, 179 F.3d at 898. The parties agree. Aplt. Br. 12; Aplee. Br. 29-30. The district court concluded that the proffered evidence met the three threshold requirements: Mr. Begay is charged with a crime of sexual abuse; the evidence does involve allegations of prior instances of child molestation; and the evidence is relevant. Aplt. App. 69-70. As stated by the government, the evidence tends to show that Mr. Begay has a history of molesting young female family members with whom he resided, suggesting a propensity to engage in criminal sexual assault. Aplt. Br. 10.

As both parties recognize, the district court was then required to engage in a balancing inquiry under Rule 403. Aplt. Br. 12; Aplee. Br. 29-30. In balancing, the district court found that several factors weighed in favor of exclusion. Aplt. App. 70-75. According to the government, the district court's reasoning for excluding the three categories of evidence is insufficient to

analytical model under Rule 413 instructive.

- 10 -

overcome the congressional intent in passing Rule 414, which is to "liberally admit evidence of prior uncharged sex offenses."  Aplt. Br. 13; <u>see also</u> <u>Benally</u>, 500 F.3d at 1090.  The government argues that the district court erred in concluding that the propensity evidence could mislead or confuse the jury, that the evidence concerning the alleged victim's mother is sufficiently similar to the charged offense so as warrant consideration by the jury, and that the order of exclusion is manifestly unreasonable.  Aplt. Br. 9-10.  It also argues that the district court abused its discretion in concluding that any probative value of the evidence was outweighed by the concerns identified in Rule 403.  Aplt. Br. 12.

Despite the goal of liberal admission of Rule 414 evidence, it remains subject to Rule 403 balancing prior to admission.  <u>Enjady</u>, 134 F.3d at 1431; <u>Meacham</u>, 115 F.3d at 1492.  As to each category of evidence, the district court weighed the evidence and gave particular reasons for exclusion.  Aplt. App. 70-75.  The district court had the benefit of written submissions by both parties, as well as testimony and argument.  We consider the government's arguments for each category of evidence.

### 1. <u>The testimony of Jane Doe #1</u>

The government argues that evidence concerning prior sexual assaults on Jane Doe #1 (the victim) should not have been excluded on Rule 403 grounds merely because they occurred over an extended period of time and went unreported until the summer of 2006.  However, the district court was concerned

not only about the extended time period, but also that Jane Doe #1 testified that the assaults occurred over at least a five year period, two or three times a week,[4] and in four different places in very tight living conditions.

We do not read the district court's order as excluding this evidence solely because the alleged incidents went unreported until 2006, but certainly the district court could consider this as part of the strength of the evidence. The government suggests any number of reasons why such incidents might go unreported and that cross-examination would take care of this point, all of which is correct, but such arguments do not make the district court's consideration of this factor, in conjunction with others, an abuse of discretion. Obviously, the district court was concerned that the prior uncharged conduct could overwhelm the trial and overtake the evidence of the crime charged, hence its findings that this relevant evidence had the potential to confuse the issues and mislead the jury. To be sure, the jury would be instructed that the defendant is only on trial for the crime alleged in the indictment, but the district court could still rationally conclude that the probative value of this relevant evidence was substantially outweighed by the danger of unfair prejudice given the breadth and vagueness of the Jane Doe #1's allegations.

The government argues that the jury could easily assess the credibility of

---

[4] The government's motion in limine indicated that Jane Doe #1 alleged that Mr. Begay assaulted her "over twenty times." Aplt. App. 9.

Jane Doe #1.  It further argues that the only case where the circuit has upheld

exclusion of prior instances of sexual assault, it did so because multiple witnesses

would be necessary to address whether the uncharged incidents were in fact

offenses, thereby confusing the issues.  See Guardia, 135 F.3d at 1331-32.  We do

not read Guardia as limiting exclusion only to situations that will require extrinsic

evidence; the Guardia court indicated that the probative value of propensity

evidence will be determined by "innumerable considerations" and that to be

reversible a district court's decision must "exceed[] the bounds of permissible

choice."  Id.  Given the concerns identified above, the district court did not

exceed those bounds.

2.  The testimony of Jane Doe #1 regarding Jane Doe #2

Although the government mentions this evidence in its brief, it divides its

argument between the alleged molestation of Jane Doe #1 and her mother.

Accordingly, by not addressing the district court's ruling on this evidence, the

government has waived the issue of Jane Doe #1's testimony concerning Jane Doe

#2.  Regardless, the district court's concerns that Jane Doe #2 did not testify and

the complete lack of time period as to Jane Doe #1's recollection support the

district court's ruling that the evidence was thin from the start.  Aplee. Supp.

App. 22-24.

3.  The testimony of Ms. Calandria Moore

The government argues that (1) the district court's concern about the

credibility of Ms. Moore is not supported by the record, (2) this court has approved admission of propensity evidence occurring 15-25 years ago, and (3) the dissimilarity between the charged act (penetration) and the prior act (Mr. Begay allegedly standing over the victim with his hand in her underwear) cannot support exclusion. Though Ms. Moore first testified as to Mr. Begay having his hand in her underwear on one occasion, she could not really remember specifics on other incidents, other than to say that she sometimes awakened to find Mr. Begay standing over her. Aplt. App. 32, 37; Aplee. Supp. App. 25-26. Apparently Ms. Moore slept in the same room with her sisters and did not observe Mr. Begay engage in any inappropriate behavior toward them. Aplt. App. 36-37. She also returned to the house thereafter to visit, and later returned with her children. Aplt. App. 38. We have reviewed the record and the district court certainly could view the entirety of Ms. Moore's testimony with caution, particularly Ms. Moore apparently equating Mr. Begay standing over her with sexual assault. The district court was certainly allowed to consider how remote the allegations are (here a 19-21 year period), and though the charged and uncharged acts need not be identical, the district court could consider this too. In sum, though we might not have weighted the factors the same, we cannot say that the district court's choice was arbitrary or irrational. Further, we note the district court stated that her rulings regarding the exclusion of the testimony in all three categories "remains subject to reconsideration if unforeseen circumstances or a change in context should arise

- 14 -

during the trial." Aplt. App. 75.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge