**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID KEE MANN,

Defendant - Appellant.

No. 96-2283
(D. Ct. No. CR-94-732-LH)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before TACHA, HOLLOWAY, and MURPHY, Circuit Judges.

David Kee Mann was acquitted on one count of aggravated sexual abuse and convicted on another similar count. On appeal, Mr. Mann objects to evidence admitted against him under Federal Rule of Evidence 414 on three different bases: (1) Rule 414 was not effective at the time of his trial, (2) the Rule 414 evidence violated his rights to due process and equal protection of the law, and (3) the trial court should have excluded the evidence under Rule 403 because it was more prejudicial than probative. Mr. Mann also argues that restrictions on

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his ability to cross examine one of his victims violated his Sixth Amendment right to confront witnesses against him. We take jurisdiction under 18 U.S.C. § 1291 and affirm in part and remand for further findings on the Rule 403 balancing test.

## Background

David Kee Mann is a Navajo medicine man who lived on a family compound in Red Rock, New Mexico. He was charged with sexually abusing two members of his extended family who also lived on the compound, his grand niece S.Y. and his grand niece K.C. The defendant was also charged with abusive contact towards another grand niece, R.K., but the district court dismissed that charge before trial. At trial the district court allowed R.K. to testify regarding the defendant's alleged abuse of her. The district court allowed that testimony under Rule 414.

## Discussion

### I. Federal Rule of Evidence 414

#### A. The Effective Date Provision

This Circuit recently held that Federal Rules of Evidence 413-415 "apply to all trials commenced after July 10, 1995." United States v. Enjady, __ F.3d __, __, 1998 WL 17344, at *2 (10th Cir. Jan. 20, 1998). Mr. Mann's trial commenced in January 1996, well after July 10, 1995. Accordingly, Rule 414 applies to his trial.

- 2 -

**B. The Constitutional Challenges**

In another recently filed case, <u>United States v. Castillo</u>, __ F.3d __ (10th Cir. 1998), we decided the constitutional questions presented by Mr. Mann. Specifically, we found that Rule 414 violates neither the Due Process Clause of the Fifth Amendment nor that amendment's equal protection principles. <u>See</u> <u>id.</u> at __, __.

**C. The 403 Balancing Test**

Mr. Mann argues that the district court erred in refusing to exclude the Rule 414 testimony under Rule 403. We review a district court's application of Rule 403 for abuse of discretion. <u>See</u> <u>United States v. Guardia</u>, 1998 WL 37575, at *2 (10th Cir. 1998). Rule 403 allows the court to exclude evidence if its probative value is "substantially outweighed" by dangers such as unfair prejudice or confusion of the issues. Fed. R. Evid. 403. The Rule 403 balancing test applies to all evidence admitted under Rule 414. <u>See</u> <u>United States v. Meachum</u>, 115 F.3d 1488, 1492 (10th Cir. 1997). "Because of the unique nature of character evidence, it is important that the trial court 'make a reasoned, recorded' statement of its 403 decision when it admits evidence under Rules 413-415." <u>Castillo</u>, __ F.3d at __ (quoting <u>Guardia</u>, 1998 WL 37575, at *8, __ F.3d at __).

Here, the trial court listened to the defense argument regarding Rule 403 and stated, "I'm going to admit the proffered testimony under Rule 414." Tr. Vol.

II at 21. "Without any reasoned elaboration by the district court we have no way of understanding the basis of [this] decision . . . . Instead, we require an on the record decision by the court explaining its reasoning in detail." United States v. Roberts, 88 F.3d 872, 882 (10th Cir. 1996). We therefore remand this case to the district court for further explanation of its 403 ruling.

## II. The Confrontation Clause

Mr. Mann argues that the district court violated his Sixth Amendment right to confront witnesses against him when the court limited his cross-examination of S.Y. We review de novo the question of whether restrictions on cross-examination violated the Confrontation Clause. See United States v. Pedraza, 27 F.3d 1515, 1529 (10th Cir. 1994).

The main purpose of the Confrontation Clause is to ensure that the defendant has an opportunity to cross-examine adverse witnesses. See Davis v. Alaska, 415 U.S. 308, 315-16 (1974). An important part of this constitutionally protected right is the opportunity to expose the witness's motivation in testifying. See Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986) (quoting Davis, 415 U.S. at 316)).

In this case, the defendant argued that S.Y. lied when she testified that the defendant abused her. The defendant had a colorable theory about why she lied. In 1989, the Child Protective Services agency removed S.Y. and her sister from

their parents' home because of a report of suspected abuse and neglect. S.Y. had a burn on her arm. According to testimony at trial, S.Y. gave conflicting stories regarding this burn in 1989. First, she said that she received it when her father pushed her into a stove. Later, S.Y. denied that her father had pushed her. When Child Protective Services was not able to substantiate a case of child abuse, they returned S.Y. and her sister to their parents. The defense argued that S.Y. accused the defendant—instead of her father—of the sexual abuse in this case because she did not want to be removed from her parents again, as she was in 1989. Nonetheless, the court sustained objections to questions that the defense posed to S.Y. about the events in 1989.

Because the court limited the defense's exploration of S.Y.'s possible motivation to lie, there are constitutional concerns here. The Sixth Amendment, however, does not prevent a trial court from placing *any* restrictions on cross examination about witness motivation. See Van Arsdall, 475 U.S. at 679 ("[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross examination . . . ."). A Sixth Amendment violation occurs when the restriction on questioning prevents the jury from having "sufficient information to make a discriminating appraisal of the witness' motives and bias." United States v. Swingler, 758 F.2d 477, 498 (10th Cir. 1985) (citations and internal quotation marks omitted).

In this case, the district court prevented *all* questioning of S.Y. about the 1989 burn incident. The court also sustained an objection to questioning about whether S.Y. had previously falsely accused her father of anything. Furthermore, the district court refused defense questioning about whether S.Y. was ever taken from her parents. While the defense was allowed to ask S.Y. how she felt about her parents' current separation, it was not able to ask her how she felt about being removed from both of them in 1989. These rulings shut off all questions that could have helped the defense establish its theory of S.Y.'s motivation to testify against Mr. Mann.[1] "By thus cutting off all questioning about an event that the State conceded had taken place and that a jury might reasonably have found furnished a motive for favoring the prosecution in [her] testimony, the court's ruling violated [the defendant]'s rights secured by the Confrontation Clause." Van Arsdall, 475 U.S. at 679.

We will reverse the trial court's decision, then, unless "beyond a reasonable

---

[1] The trial court sustained the government objections on relevance grounds, apparently not realizing that the questions related to the witness's motivation. Cf. United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'[s] testimony."). The defense informed the trial court of its theory of S.Y.'s motivation at a sidebar, which the court had delayed until after questioning of S.Y. was complete. At that point, the court recognized the relevance of the questioning, see Tr. at 375 ("Sounds like a good jury argument. I'll let you make it."), but did not permit the defense to recall S.Y.

- 6 -

doubt . . . the error complained of did not contribute to the verdict obtained."

Van Arsdall, 475 U.S. at 680 (citations and internal quotation marks omitted). In determining whether an error of the type found here is harmless, we consider "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross examination otherwise permitted, and, of course, the overall strength of the prosecution's case." Id. at 684. Although S.Y.'s testimony was important to the prosecution—S.Y. was the victim and the only witness to the abuse against her—she was not the only important witness in the case. Three others, Kevin Sweeny, Ellouise Darwin, and Valerie Raon Horse Lee, testified about statements that S.Y. had made about the sexual abuse. The defense, on the other hand, failed to contradict S.Y.'s testimony on its material points.

Most importantly, the defense was able to introduce its theory about S.Y.'s motivation to lie through cross-examination of five different witnesses. The defense brought up the 1989 incident and the effect that it had on S.Y. in its cross examination of the doctor who examined S.Y. for the burn and for the sexual abuse, a school nurse, S.Y.'s therapist, a Navajo social service worker who investigated the burn incident, and S.Y.'s mother. Furthermore, although the restrictions on the cross-examination of S.Y. were constitutionally infirm, the

defense managed to ask S.Y. how she felt when separated from her parents, where her father was at the time of the criminal act, and whether she had ever accused her father of something he had not done. These questions, and more importantly the questioning of the five other witnesses, allowed the jury to fully evaluate the defense's theory about S.Y. That argument was presented, without restriction, at closing argument. Because we have no doubt that the jury would have evaluated the defense's theory in the same manner absent the constitutional violation, we decline to reverse on this ground.

### Conclusion

We REMAND this case to the district court for an elaboration of the reasoning behind its decision to admit the evidence over the defendant's Rule 403-based objection. We AFFIRM the district court in all other respects.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge