**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID KEE MANN,

Defendant - Appellant.

No. 99-2013

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CR-94-732-LH)**

---

Judith A. Rosenstein, Assistant Federal Public Defender, Albuquerque, New Mexico, appearing for Appellant.

Kathleen Bliss, Assistant United States Attorney (John J. Kelly, United States Attorney, with her on the brief), Office of the United States Attorney, Albuquerque, New Mexico, appearing for Appellee.

---

Before **TACHA**, **McWILLIAMS**, and **EBEL**, Circuit Judges.

---

**TACHA**, Circuit Judge.

A jury acquitted David Kee Mann on one count of aggravated sexual abuse and convicted him on another similar count. During the trial, the court allowed R.K. to testify pursuant to Federal Rule of Evidence 414. On appeal, defendant argued that the trial court should have excluded R.K.'s testimony because, inter alia, its probative value was substantially outweighed by its prejudicial effect under the balancing test set forth in Federal Rule of Evidence 403. We concluded that the district court's explanation of its decision to admit the Rule 414 evidence was insufficient for our review. United States v. Mann, No. 96-2283, 1998 WL 171845, at *2 (10th Cir. Apr. 13, 1998). Therefore, we remanded this case for the district court to explain its Rule 403 ruling in detail. Id. Defendant now appeals from the district court's thorough decision on remand that the Rule 414 evidence was properly admitted pursuant to Rule 403. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the admission of Rule 414 evidence for an abuse of discretion. United States v. Castillo, 140 F.3d 874, 884 (10th Cir. 1998). Rule 414(a) permits a court, in a criminal case, to admit evidence against a defendant accused of child molestation which shows that the defendant has committed another child molestation offense. Under Rule 403, however, a court must exclude Rule 414 evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." "[C]ourts are to 'liberally' admit evidence of prior uncharged

2

sex offenses," but cannot ignore the balancing requirement of Rule 403. United States v. Meacham , 115 F.3d 1488, 1492 (10th Cir. 1997).

In the sexual assault context, Rule 403 requires district courts to consider the following factors:

> "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct."

United States v. Enjady , 134 F.3d 1427, 1433 (10th Cir. 1998) (quoting Mark A. Sheft, Federal Rule of Evidence 413: A Dangerous New Frontier, 33 Am. Crim. L. Rev. 57, 59 n.16 (1995)). Based upon our review of the record, we hold that the district court properly applied these factors and did not abuse its discretion under Rule 403 in permitting R.K. to testify.

The first Enjady factor requires the district court to "make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the [prior similar sexual act] occurred." Id. In this case, the district court found that R.K. was a credible witness and the government had sufficiently proved defendant's sexual contact with her, even though her initial statements about defendant's prior acts were inconsistent. The district court noted that the trial

3

record was replete with references to defendant's prominent position in R.K.'s community, which explained R.K.'s reluctance to identify defendant as a pedophile and accounted for her inconsistent stories. Furthermore, R.K. testified on direct examination that when she was six or seven years old defendant began to touch her breasts and vaginal area and eventually had sexual intercourse with her.

In addition, the district court correctly found that the trial transcripts did not support defendant's position that R.K.'s mother somehow forced R.K. to accuse defendant. Thus, the district court did not abuse its discretion in finding that the government had sufficiently proved the prior similar sexual acts.

The second Enjady factor requires Rule 414 evidence to be probative of the material fact it is admitted to prove. Uncharged prior sexual acts are probative if they are similar to the charged crimes. See United States v. Guardia, 135 F.3d 1326, 1331 (10th Cir. 1998) (citing United States v. Edwards, 69 F.3d 419, 436 (10th Cir. 1995). In this case, the government offered R.K.'s testimony to demonstrate defendant's propensity to sexually abuse his young great nieces. As the district court found, the similarities between the prior acts and the charged acts are substantial. Defendant was charged with two counts of aggravated sexual abuse against S.Y. and K.C. The district court noted that (1) S.Y., K.C. and R.K. are all defendant's great nieces; (2) all three of the girls lived on or regularly

4

came within close physical proximity to defendant's property during the time of the alleged abuse; (3) defendant allegedly began to abuse each of the girls when they were approximately the same age; and (4) defendant allegedly had vaginal intercourse with each child. Given these similarities, the district court did not abuse its discretion in finding that R.K.'s testimony was highly probative of the material fact it was admitted to prove.

Furthermore, we note that R.K. was seventeen at the time of trial, while S.Y. and K.C. were much younger. Thus, R.K.'s age at the time she testified significantly increased the probative value of her testimony.

The third Enjady factor requires the district court to evaluate the seriousness of the dispute over the material fact the Rule 414 evidence is admitted to prove. In this case, there was no question that defendant disputed R.K.'s allegations and denied all of the charges against him. However, the district court refused to exclude R.K.'s testimony based solely on this factor. We find that the district court did not abuse its discretion in so doing because the Enjady test requires trial courts to balance several factors and no single factor is dispositive.

The fourth Enjady factor requires the district court to determine whether the government can avail itself of any less prejudicial evidence. According to the government, R.K.'s testimony tended to show that defendant (1) wanted to engage in sexual acts, including vaginal intercourse, with girls around the ages of the

5

charged offense victims; (2) regarded his great nieces as suitable objects of his sexual aggression; and (3) lacked effective inhibitions to control this aggression. We agree with the district court that nothing in the record suggests the government had access to any less prejudicial evidence on these issues.

The final Enjady factor requires trial courts to assess the "probative dangers" associated with the Rule 414 evidence. As the district court found, the record in this case demonstrates that R.K.'s testimony created no danger of unfair prejudice. The jury convicted defendant on the charges involving S.Y., but acquitted him on the charges involving K.C. Thus, we agree that R.K.'s testimony did not cause the jury to improperly convict defendant based on his prior uncharged sexual abuse of R.K. or distract the jury from the central issues of the trial.

We find that the district court properly applied the Enjady factors and explained adequately the basis for its decision to admit R.K.'s testimony. **AFFIRMED** .