**UNITED STATES of America,
Plaintiff,**

v.

**James SANDOVAL a/k/a James Phillip
Sandoval, Defendant.**

No. CR 04–2362JB.

United States District Court,
D. New Mexico.

Dec. 10, 2005.

David C. Iglesias, United States Attorney for the District of New Mexico, Samuel L. Winder, Assistant United States Attorney, Albuquerque, NM, for Plaintiff.

Charles Fisher, Allison & Fisher, Albuquerque, NM, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

BROWNING, District Judge.

**THIS MATTER** comes before the Court on: (i) the United States' Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 414, filed June 23, 2005 (Doc. 39); and (ii) the Defendant's Objection to Government's Notice of Intent to Use Evidence Pursuant to Rule 414 of the Federal Rules of Evidence, filed July 14, 2005 (Doc. 61). The Court held a hearing on this matter on October 19, 2005. The primary issue is whether the Court will allow the United States to introduce evidence of past offenses of child molestation pursuant to rule 414 of the Federal Rules of Evidence. Because the Court finds that the evidence of past offenses of child molestation fits within the parameters of rule

414, and that such evidence passes rule 403's balancing test, the Court will allow the United States to introduce such evidence. The Court will, however, give a limiting instruction concerning the evidence at the opening of the case, immediately preceding the introduction of the evidence, immediately after the introduction of the evidence, and at the close of the case, as requested by Sandoval.

## FACTUAL BACKGROUND

The United States hopes to adduce the following facts at trial concerning the alleged molestation of Jane Doe: (i) on September 1, 2004, Jane Doe's mother, Andrea Bedoni, was awakened at 4:15 a.m., and Jane Doe was lying by James Sandoval; (ii) Bedoni saw that Sandoval was awake with Jane Doe lying on his arm; (iii) Sandoval had his other hand in a fist by Jane Doe's waistline; (iv) Jane Doe's hand was over her genital area as if she was trying to protect it; (v) Bedoni asked Sandoval why Jane Doe was lying by him, and Sandoval responded that he didn't know why; (vi) later that morning, Bedoni again asked Sandoval what he was doing, and Sandoval said he had moved Jane Doe because their son had been lying on top of Jane Doe; (vii) on September 6, 2004, Bedoni asked Jane Doe if anything had happened to her while Bedoni was out of town on a business trip from June 5 to June 10, 2004: Jane Doe told Bedoni that she should not have gone away and "Daddy was touching me"; (viii) on September 7, 2004, Bedoni again asked Sandoval what he was doing on September 1, 2005, and Sandoval said Jane Doe had been kicking and crying, so he held her and had moved their son next to Bedoni; (ix) on September 9, 2004, Special FBI Agent Travis Witt interviewed Jane Doe. Jane Doe told Witt that her dad touched her "peepee." Jane Doe told Witt that he touched the outside of her peepee and put something inside her peepee. Jane Doe further told Witt that her dad touched her peepee when her mother was lying in back of her sleeping and another time when her mom was at the airport. Jane Doe also told Witt that her dad got her to touch his peepee with her mouth. *See* United States' Reply to Defendant's Response to Motion for Two–Way Closed Circuit Television Testimony Filed on July 14, 2005 ("Reply for Closed Circuit Television") at 1, filed July 22, 2005 (Doc. 72).

Jane Doe is Sandoval's biological daughter by his girlfriend of approximately nine years, Andrea Bedoni. *See* Defendant's Response to Motion for Two–Way Closed Circuit Television Testimony ("Response to Motion for Closed Circuit Television") ¶ 1, at 1, filed July 14, 2005 (Doc. 62). Jane Doe is five years old, and was four years old at the time of the alleged incidents charged in the Indictment. *See id.* ¶ 2, at 1; Motion for Two–Way Closed Circuit Television Testimony ¶ 3, at 2, filed June 28, 2005 (Doc. 42).

Shortly before Jane Doe reported the alleged behavior upon which the present Indictment is based, Kayla Sandoval and Pamela Garcia returned to New Mexico and the San Felipe Pueblo. *See* Response to Motion for Closed Circuit Television ¶ 9, at 2–3. Sandoval is Kayla's father, and Pamela Garcia is Kayla's mother. *See id.* ¶ 8, at 2. Kayla is now fifteen years old: *See id.* Sometime around July 2004, Sandoval told Bedoni that Garcia had accused him of touching Kayla inappropriately when she was a child of 2½ to 3 years old, and that he had denied it. *See id.* ¶ 9, at 3. According to Bedoni, she waited until September 7th or 8th to make any report because she wanted to talk to Pamela Garcia first. *See* Response to Motion for Closed Circuit Television ¶ 8, at 2.

## PROCEDURAL BACKGROUND

The United States seeks to introduce allegations by Sandoval's 15–year old

daughter, Kayla, and by her mother and Sandoval's former girlfriend, Garcia, concerning events alleged to have occurred over twelve years ago in or about August 1992 and 1993, when Kayla, who was born on February 4, 1990, was 2½ and 3 years old, respectively. *See* Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 414 ("Notice of Intent to Offer Evidence") ¶¶ 1–3, at 1–2; Defendant's Objection to Government's Notice of Intent to Use Evidence Pursuant to Rule 414 of the Federal Rules of Evidence ("Objection to Notice") at 1.

On or about October 12, 2004, the United States provided evidence to Sandoval, through discovery—Bates-stamped pages 11–15—concerning other acts allegedly perpetrated upon another child victim. *See* Notice of Intent to Offer Evidence ¶ 1, at 1. According to the Notice, Kayla will testify to the following events: (i) Kayla remembers being under the covers with her father, Sandoval, when she was a young child; Sandoval held her close to her body and touched her vagina "in front"; (ii) during this incident, Kayla thought they were supposed to be going to sleep; (iii) Sandoval used his hands to touch Kayla; (iv) Kayla remembers her mother going into the room, and her mother looked suspicious; and (v) Kayla remembers going for an examination when she was little and going to a place to be interviewed. *See id.*

According to the Notice, Pamela Garcia will testify to the following: (i) in February 1993, Garcia was sleeping with Sandoval and Kayla on a full-size bed; (ii) Kayla was in the middle of the bed; (iii) Garcia was awakened by the bed moving and looked over to Sandoval where she saw that Sandoval had his penis out and was rubbing his erect penis on Kayla's foot; (iv) Kayla was asleep; (v) Garcia shouted at Sandoval and said: "What are you doing?"; and (vi) Garcia told Sandoval to get the "Hell" out of the house and Sandoval replied: "I thought it was you." *Id.* ¶ 2, at 2.

The United States provides notice of its intent to offer evidence pursuant to rule 414 of the Federal Rules of Evidence. *See id.* at 1. The United States submits this notice in compliance with the 15–day notification required in rule 414(b). *See id.* ¶ 4, at 2. The United States requested a hearing before trial, to address the issues that the Notice of Intent to Offer Evidence raises. *See id.*

Sandoval objects to the admissibility of the evidence that the United States references in its Notice of Intent to Offer Evidence pursuant to rule 414 and requests that the Court rule that it is inadmissible under rule 414. *See* Objection to Notice at 1. Sandoval requests that if the Court does admit the evidence, that the Court also include a limiting instruction at the opening of the case, immediately preceding the introduction of the evidence, immediately after the introduction of the evidence, and at the close of the case. *See* Objection to Notice at 11.

The United States does not object to Sandoval contemporaneously filing this Objection, an Objection to the United States' Notice of Intent to Use Evidence pursuant to rule 404(b), and a response to the United States Motion that the testimony of Jane Doe be taken and shown by two-way closed circuit television in accordance with 18 U.S.C. § 3509(b). *See id.* at 1 n. 1.

### RULE 403

Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence."

## RULE 414

### 1. *Rule 414(a) Allows Admittance of Other Child Molestation Offenses in Evidence.*

Rule 414(a) provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."

### 2. *Rule 414 is Constitutional.*

█ The United States Court of Appeals for the Tenth Circuit has found that rule 414 is constitutional, and does not violate the Constitution's guarantee of due process or, equal protection, or the Eighth Amendment. *See, e.g., United States v. Castillo,* 140 F.3d 874, 878, 880, 883–84 (10th Cir.1998).[1]

### 3. *Application of Rule 414.*

█ A court must initially find that three requirements are met before it may exercise its discretion to admit evidence offered under rule 414(a):

First, the court must determine that the defendant "is accused of an offense of child molestation." Fed.R.Evid. 414(a). Second, the court must determine that the proffered evidence is "evidence of the defendant's commission of another offense or offenses of child molestation." ... Third, the court must determine that the proffered evidence is relevant.

*United States v. McHorse,* 179 F.3d 889, 897–98 (10th Cir.1999)(quoting *United States v. Guardia,* 135 F.3d 1326, 1328–31 (10th Cir.1998)). The Tenth Circuit has held that rule 403 is applicable to evidence sought to be introduced under rule 414. *See United States v. Meacham,* 115 F.3d 1488, 1495 (10th Cir.1997)("Under Rule 414 the prior acts evidence must still be relevant and followed by a Rule 403 balancing."). Society places a heavy stigma upon those accused of sex crimes, and the Court must, therefore, "take into account the chance that 'a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment.'" *United States v. Castillo,* 140 F.3d at 882 (quoting *Old Chief v. United States,* 519 U.S. 172, 181, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)). The court thus has a special duty to ensure that the evidence is probative and to weigh the evidence's probative value against its prejudicial effect to the defendant: "[A] court must perform the same 403 analysis that it does in any other context, but with careful attention to both the significant probative value and the strong prejudicial qualities inherent in all evidence submitted under [414]." *United States v. Guardia,* 135 F.3d at 1330 (analyzing rule 413). Even though courts are to apply the 403 balancing test, courts are to "liberally" admit evidence of prior offenses under rule 414. *See United States v. Meacham,* 115 F.3d at 1492 ("Rule 403 balancing is still applicable, but clearly under Rule 414 the courts are to 'liberally' admit evidence of

---

**1.** Sandoval acknowledges that the Tenth Circuit has approved of the admission of rule 414 evidence, found rule 414 to be constitutional, and held it is not in violation of the Constitution's guarantee of due process, or of equal protection, or of the Eight Amendment. *See* Objection to Notice at 2, 5. Nevertheless, Sandoval wishes to preserve the issue for the Tenth Circuit's reconsideration and for the Supreme Court of the United States' review on the grounds that the Tenth Circuit was in error in this ruling, and the Supreme Court has not directly addressed the issue. *See id.* at 2.

prior uncharged sex offenses." (citation omitted)).

■ The Tenth Circuit has recognized that the court must consider the following when performing a rule 403 balancing in the rule 414 context: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." *United States v. McHorse*, 179 F.3d at 898 (quoting *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir.1998)). "No single factor is dispositive." *United States v. Velarde*, 88 Fed. Appx. 339, 343, 2004 WL 304342, *3 (10th Cir.2004)(unpublished opinion)(citing *United States v. Mann*, 193 F.3d 1172, 1174–75 (10th Cir.1999)).[2] The first factor requires the district court to "make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the prior similar sexual act occurred." *United States v. Mann*, 193 F.3d at 1174 (citation omitted)(internal quotations omitted). *See United States v. McHorse*, 179 F.3d at 899 (finding that court properly concluded that the government had established the defendant's prior acts with evidence sufficient to support a finding by a preponderance that the defendant had in fact committed those acts)(citing *United States v. Enjady*, 134 F.3d at 1433).

■ When analyzing the probative dangers, a court needs to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be

to prove the prior conduct." *Id.* at 898 (citation omitted).

■ Finally, when admitting evidence under rule 414, the court must "make a reasoned, recorded" statement of its 403 decision. *See United States v. Castillo*, 140 F.3d at 884 (citation omitted).

### *ANALYSIS*

Sandoval does not dispute most of the *McHorse* factors for application of rule 414. The proffered evidence is relevant under rule 414. And when the Court applies the rule 403 balancing required in the rule 414 context, the Court cannot say that the danger of unfair prejudice substantially outweighs its probative value.

### I.  THE THREE THRESHOLD RE-QUIREMENTS UNDER RULE 414 ARE MET.

■ The Court must consider the three requirements laid out in *United States v. Guardia* and recognized in the rule 414 context in *United States v. McHorse*, 179 F.3d at 897–98, to determine if it should admit the rule 414 evidence. The first two requirements, that Sandoval is accused of an offense of sexual assault, and that proffered evidence is of Sandoval's commission of another offense of sexual assault, are not in dispute. Thus, the first two requirements are met.

Sandoval contends that the prior allegation is not relevant. *See* Objection to Notice at 5. In support of this contention, Sandoval argues that the prior allegation occurred 12 years ago. *See id.* at 6. Sandoval also argues that the evidence surrounding the prior evidence is weak, as

---

**2.** The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been

addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria and the rules therefore allow citation to this unpublished decision.

shown by the fact that Kayla made varying allegations, contemporaneous medical examinations revealed no physical or psychological injuries, and the investigators did not arrest or even interview Sandoval at the time for lack of evidence, and referred the matter back to the San Felipe Social Services. *See id.* Sandoval also argues that the allegation is unreliable, as Kayla was only 2½ years old at the time of the alleged prior molestation. *See id.*

In response, the United States argues that Garcia was afraid and ashamed, and that is why she decided not to pursue the initial allegation further—when Kayla first told Garcia that her father touched her in August 1992—and that was one reason that Sandoval was not arrested or interviewed. *See* United States' Response to Defendant's Objection to Government's Notice of Intent to use Evidence Pursuant to Rule 414 of the Federal Rules of Evidence Filed July 14, 2005 at 2, filed July 22, 2005 (Doc. 70). The United States further argues that after the second allegation occurred—Sandoval allegedly touching Kayla in bed—Garcia was ashamed for not believing Kayla and what Kayla had previously said, and she did not report this incident because nothing had been done previously except for a referral to Social Services, who had failed to keep the information confidential. *See id.* at 2–3.

On the third requirement, that the evidence be relevant, the Court concludes that the proffered evidence shows that Sandoval had a particular propensity and has a bearing on the crime charged. *See United States v. Guardia*, 135 F.3d at 1328 ("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant.")(citing *Old Chief v. United States*, 519 U.S. at 181, 117 S.Ct. 644). The circumstances surrounding the prior allegations are similar to those with which Sandoval is now charged. The alleged conduct in the prior and current allegations occurred in bed at night while a mother was in the bed, or had just walked into the room—Garcia will testify that she woke up and saw the action occur, whereas Kayla will testify that she remembers her mother going into the room and looking suspicious—and the instances involved very young girls. *See* Notice of Intent to Offer Evidence ¶ 1–2, at 1–2. Given the facts of the alleged crime for which Sandoval is charged, the evidence pertaining to the alleged molestation of Kayla is admissible under rule 414, to show Sandoval's need or desire for sexual contact with young girls. The Court is reminded of its duty to liberally admit evidence of prior offenses under rule 414, *see United States v. Meacham*, 115 F.3d at 1492, and does not believe that this case is one in which it should exclude this relevant evidence.

## II. *THE EVIDENCE IS ADMISSIBLE UNDER RULE 403's BALANCING TEST.*

██ The evidence of prior offenses of child molestation that the United States proposes to introduce passes the 403 balancing test within the rule 414 context. The United States is likely to prove the prior act more clearly than is possible in many cases involving young children. And the evidence is probative of the material fact it is offered to prove.

### A. A JURY COULD REASONABLY FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE PRIOR SIMILAR ACT OCCURRED.

The Court initially finds that a jury could reasonably find by a preponderance of the evidence that the prior similar sexual act occurred. *See United States v.*

*Mann,* 193 F.3d at 1174. Kayla will testify that as a young child she remembers being under the covers with her father, Sandoval. *See* Notice of Intent to Offer Evidence ¶ 1, at 1. She will also testify that "Sandoval held her close to her body and touched her vagina in 'front,'" and that "Sandoval used his hands to touch Kayla." *Id.* Additionally, Garcia will testify that in 1993, Garcia was sleeping with Sandoval and Kayla in bed, and woke up to find "Sandoval rubbing his erect penis on Kayla's foot." *Id.* There is sufficient testimony for a jury to reasonably find by a preponderance of the evidence that the prior similar sexual molestation occurred.

## B. THE UNITED STATES' PROPOSED EVIDENCE OF PRIOR OFFENSES OF CHILD MOLESTATION PASSES THE 403 BALANCING TEST.

Looking at all of the 403 factors first laid out in *United States v. Enjady,* 134 F.3d at 1427 in the rule 413 context, and recognized in *United States v. McHorse,* 179 F.3d at 898, in the rule 414 context, the Court finds that United States' proposed evidence of prior offenses of child molestation passes the 403 balancing test. First, the Court has already under the first factor found that a reasonable jury could find, by a preponderance of the evidence, that the prior act occurred. Although Kayla was young, she will testify as to what she remembers, and her mother's testimony of what her mother perceived on a different occasion, will corroborate Kayla's testimony that she was sexually molested. An eyewitness—Garcia—witnessed a prior molestation.

Second, the Court finds that the evidence is probative. The prior offenses of child molestation against Kayla are similar to the alleged crime against Jane Doe. The alleged conduct in the prior and current allegations occurred in bed at night while a mother was in the bed, or had just walked into the room—Garcia will testify that she woke up and saw the action occur, whereas Kayla will testify that she remembers her mother going into the room and looking suspicious—and the instances involved very young girls. *See* Notice of Intent to Offer Evidence ¶ 1–2, at 1–2.

Third, the alleged crime against Jane Doe is seriously disputed. Sandoval contends that no act of child molestation occurred. Jane Doe's testimony and Bedoni's testimony contradict Sandoval's contention, and thus there is a dispute of material fact.

Fourth, there is no indication that the United States can avail itself of any less prejudicial evidence. If there is less prejudicial evidence available, Sandoval has not pointed it out to the Court. Sandoval instead argues that the proposed evidence has little probative value and is extremely prejudicial. *See generally* Objection to Notice.

The "probative dangers," *see United States v. McHorse,* 179 F.3d at 898, of admitting the alleged prior offenses of child molestation in this case are not greater than those normally found in 414 cases, and are not greater than those found in rule 414 cases where the Tenth Circuit has upheld admittance of prior offenses of child molestation.

First, the Court will give a limiting jury instruction concerning the evidence, minimizing the risk that the evidence will contribute to an improperly-based jury verdict. Second, the evidence will not overly distract the jury from the central issues of the trial. The evidence apparently will be no more than the testimony of two witnesses—Kayla and Pamela Garcia. Third, the presentation of the evidence should not be overly time consuming because, again, there will apparently be only two witnesses testifying about the prior conduct.

The Tenth Circuit in *United States v. Koruh,* 210 F.3d 390, 2000 WL 342252

(10th Cir.2000), upheld the admission of rule 414 evidence in similar circumstances. In *Koruh,* the district court admitted evidence of prior child sexual abuse that occurred 16–20 years before the events charged in the indictment. *See United States v. Koruh,* 210 F.3d 390, 2000 WL 342252, at *1. The evidence indicated that the defendant had sexually abused his daughter from his first marriage when she was five years old and again when she was eight or nine. *See id.* The Tenth Circuit affirmed the conviction and held that the district court did not abuse its discretion in admitting the evidence.

Here, the alleged prior child sexual abuse occurred 12 years ago, when Kayla was 2½ and 3. While the evidence is prejudicial, it is also relevant; the prejudice is not unfair, in that the jury will convict him for the prior actions rather than the charged incident. The Court cannot say that the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence, substantially outweigh the evidence's probative value.

Sandoval maintains that the proposed evidence does not pass the 403 balancing test. He argues that the evidence has little probative value and will confuse the jury such that the jury might convict Sandoval "not because they believe the allegations in the Indictment are true, but because he might have escaped punishment for earlier misdeeds." Objection to Notice at 9. He also contends that the proposed evidence will inflame the jury. *See id.* at 9–10.

Here, the risk that the jury may convict upon the mere allegation that Sandoval was involved in another child molestation, or that the jury may convict upon a prior crime, is certainly present. But that risk is present in all rule 414 cases. The question is how great that risk is. Here, the risk does not appear to be any greater than in other rule 414 cases, nor does the risk appear to be greater than in the rule 414 cases in which the Tenth Circuit has upheld the admission of prior offenses of child molestation.

Sandoval also argues that no physical evidence supports Kayla's claims, and thus the probative value is weak. *See id.* at 10. Sandoval will have an opportunity to exploit this weakness on cross examination. Given her mother's corroboration, the Court finds that the probative value of the proposed evidence is not as weak as in other cases, where it is only the young child testifying. The evidence is not so weak that the Court should keep it from the jury.

Sandoval also argues that, because Garcia has refused to meet with the defense investigator and has refused to allow Kayla to meet with the defense investigator, the defense has been denied an opportunity to meet their allegations. *See* Objection to Notice at 10. Without the ability to interview Kayla and Pamela Garcia, Sandoval is handicapped in his development of a defense to the allegations that the proposed testimony presents. The Court cannot, however, say that Sandoval is without any capacity to develop a defense. Sandoval must have some knowledge of the events about which Kayla and Pamela Garcia will testify and can assist his able and seasoned criminal defense counsel in constructing a cross examination and defense. In addition, the United States has given notice of what both Kayla and Pamela Garcia will testify. Sandoval is thus not without any capacity to develop a defense.

Finally, the Court will read a limiting instruction to the jury minimizing the risk involved of unfair prejudice.[3]

---

3. The United States agreed at the hearing that · a limiting instruction was appropriate in this

**IT IS ORDERED** that the Defendant's Objection to Government's Notice of Intent to Use Evidence Pursuant to Rule 414 of the Federal Rules of Evidence is overruled in part and sustained in part. The United States is allowed to introduce evidence under rule 414 of past offenses of child molestation. The Court will, however, give a limiting jury instruction concerning the rule 414 evidence at the opening of the case, immediately preceding the introduction of the evidence, immediately after the introduction of the evidence, and at the close of the case.

case. *See* Transcript of Hearing at 196:11–197:3 (taken October 19, 2005). The United States indicated, however, that it would like an opportunity to draft language that would be appropriate to include in a limiting instruction. *See id.* at 197:8–18. The Court thus, will not at this time decide what exactly the limiting instruction will say.