**UNITED STATES of America,**
**Plaintiff,**

v.

**Kenneth Dean STURM, Defendant.**

**Criminal Case No. 06–cr–00342–LTB.**

United States District Court,
D. Colorado.

Dec. 11, 2008.

Robert William Pepin, Office of the Federal Public Defender, Denver, CO, for Defendant.

---

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on a Motion *In Limine* Re: Objection to Admission of Evidence Identified in "Government's Notice of Intent To Introduce Evidence under Fed.R.Evid. 414" [**Doc # 178**] filed by Defendant, Kenneth Dean Sturm, in which he seeks a ruling prior to trial, pursuant to Fed.R.Evid. 103(c), excluding the Government's proffered evidence. Oral argument would not materially assist in the determination of this motion. After consideration of the parties' briefs, I DENY the motion *in limine* for the following reasons.

## I. BACKGROUND

On October 22, 2008, the Government filed a Third Superceding Indictment in which the Grand Jury charged Defendant with the following:

COUNT ONE: Possession of a Maxtor hard drive, on or about January 1, 2005 and on or about May 5, 2006, which contained digital images of child pornography, that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B); and

COUNT TWO: Receiving material, on or about June 8, 2005, that contained one or more images of child pornography, that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(B).

Defendant has previously pled guilty to a severed count of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1).

## II. MOTION IN LIMINE

In this motion, Mr. Sturm seeks an order excluding at trial evidence proffered by the Government in its Notice of Intent to Introduce Evidence Under Fed.R.Evid. 414 [Doc # 164]. In that notice, the Government indicates that it intends to introduce evidence of Mr. Sturm's prior conviction for "Pandering Sexually Oriented Matter Involving a Minor" pursuant to an Ohio statute which provides, in relevant part, that:

No person, with knowledge of the character of the material or performance involved, shall ... [k]nowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality.

R.C. § 2907.322(A)(5). The Government asserts that this prior conviction is admissible pursuant to Fed.R.Evid. 414(a), which provides that:

In a criminal case in which the defendant is accused of an offense of child

molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

"For purposes of this rule ... 'offense of child molestation' means a crime under Federal law or the law of a State ... that involved ... any conduct proscribed by chapter 110 of title 18, United States Code." Fed.R.Evid. 414(d)(2).

The Government maintains that because Mr. Sturm is charged in this case with possession of child pornography in violation of 18 U.S.C. § 2252A—which is contained in Chapter 110 of Title 18 of the U.S. Code—he is accused here of an offense of child molestation as defined by Fed.R.Evid. 414(d)(2). The Government further asserts that Mr. Sturm's prior Ohio conviction for Pandering Sexually Oriented Matter Involving A Minor likewise comprises an offense of child molestation under Fed.R.Evid. 414(d)(2). Mr. Sturm pled guilty to committing a crime under the Ohio statute R.C. § 2907.322(A)(5) that criminalizes, *inter alia*, receipt and possession of child pornography. Thus, the Government maintains that his prior conviction also involved conduct proscribed under Chapter 110 of Title 18 of the U.S.Code and, as such, constitutes the "commission of another offense or offenses of child molestation."

Mr. Sturm disagrees. Specifically, Mr. Sturm asserts that his prior conviction is not admissible in that does not meet the definition of "offense of child molestation" under Fed.R.Evid. 414 because the Ohio statute he was convicted of does not have an interstate component, as opposed to the applicable convictions contained in Chapter 110 of Title 18. He also argues that the proffered evidence is not admissible be-cause it is not relevant pursuant to Fed. R.Evid. 401. Even if it is relevant he asserts that its probative value is substantially outweighed by the danger of unfair prejudice under Fed.R.Evid. 403. Finally, in order to preserve his constitutional challenges, Mr. Sturm asserts that Fed. R.Evid. 414 violates his Due Process rights guaranteed him as a criminal defendant by the Fifth Amendment, his Equal Protection as guaranteed him by the Fourteenth and Fifth Amendments, and the Eighth Amendment prohibition against cruel and unusual punishment.

### III. LAW

Federal Rules of Evidence 414 allows the admission of propensity evidence—in the context of child molestation—and thus provides "an exception to the general rule codified in Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *U.S. v. Benally,* 500 F.3d 1085, 1089 (10th Cir.2007)(*citing U.S. v. Guardia,* 135 F.3d 1326, 1331 (10th Cir.1998)). Consistent with congressional intent regarding the admission of evidence tending to show a defendant's propensity to commit child molestation, courts are to "liberally" admit evidence of prior offenses under Fed. R.Evid. 414. *U.S. v. Sandoval,* 410 F.Supp.2d 1071, 1075 (D.N.M.2005)(*quoting U.S. v. Meacham,* 115 F.3d 1488, 1492 (10th Cir.1997)).

Evidence admissible under Fed. R.Evid. 414 must meet three threshold requirements before it may be considered for admission. I must determine that: (1) the defendant is accused of a crime involving child molestation; (2) the evidence proffered is evidence of the defendant's commission of another offense involving

child molestation; and (3) the evidence is relevant. *U.S. v. Benally, supra,* 500 F.3d at 1090 (*citing U.S. v. McHorse,* 179 F.3d 889, 898 (10th Cir.1999); *U.S. v. Guardia, supra,* 135 F.3d at 1328). A trial court's decision to admit evidence of prior bad acts is reviewed under an abuse-of-discretion standard. *U.S. v. Benally, supra,* 500 F.3d at 1089 (*citing U.S. v. Stiger,* 413 F.3d 1185, 1197 (10th Cir.2005)).

## IV. ANALYSIS

### Requirement # 1: Accused of a Crime Involving Child Molestation

Mr. Sturm concedes, and I agree, that he is accused in this case of a crime involving child molestation and, thus, the first requirement of Fed.R.Evid. 414 is met.

### Requirement # 2: Proffered Evidence is of Another Offense Involving Child Molestation

■ At issue is the next determination whether Mr. Sturm's prior conviction in Ohio constitutes the commission of another offense involving child molestation. Mr. Sturm argues that his prior conviction is not an "offense of child molestation"—as defined in Fed.R.Evid. 414(d)(2)—because it does not meet the definition of a crime "that involved ... any conduct proscribed by chapter 110 of title 18, United States Code, that was committed in relation to a child." Specifically, because all of the relevant crimes in Chapter 110 of Title 18 of the United States Code have an "interstate commerce component," and his prior conviction in Ohio does not, Mr. Sturm asserts that his prior conviction is not an offense of child ·molestation. In support of this argument, Mr. Sturm notes that he was not convicted of committing a crime pursuant to R.C. § 2907.322(A)(6), which provides that no person shall "[b]ring or cause

to be brought into this state any material that shows a minor participating in sexual activity ...". Mr. Sturm argues that while such conviction "might have come closer" to falling into a category of conduct proscribed by Chapter 110 of Title 18—because of its interstate travel component—he was convicted of a crime pursuant to R.C. § 2907.322(A)(5), which does not contain an interstate travel component.

The Government, in response, asserts that the interstate travel component of the relevant crimes in Chapter 110 of Title 18 is purely a prerequisite for federal jurisdiction; it does not constitute "conduct" for the purpose of establishing whether a state criminal conviction is an offense of child molestation pursuant to Fed.R.Evid. 414. Rather, the Government maintains that it is the underlying criminal conduct of those crimes—showing a sexual interest in children—that is relevant to the inquiry of whether past criminal activity constitutes propensity .evidence to the crime alleged. I agree.

I first note that Mr. Sturm has not referred me to case law—nor has my research revealed any authority—that required proof of an interstate component in order to be deemed an "offense of child molestation ... that involved ... any conduct proscribed by chapter 110 of title 18 ..." pursuant to Fed.R.Evid. 414(d)(2). More importantly, the narrow reading advocated by Mr. Sturm would, in essence, prohibit the use of most state convictions for essentially the same conduct, as is the case here, under Fed.R.Evid. 414. Such a limited reading is clearly contrary to the congressional intent of Fed.R.Evid. 414, which mandates that courts are to "liberally" admit evidence under Fed.R.Evid. 414 to show the defendant's propensity to commit child molestation. *U.S. v. Meacham,*

*supra,* 115 F.3d at 1492; *see also U.S. v. Castillo,* 140 F.3d 874, 879 (10th Cir. 1998)(when Fed.R.Evid. 414 applies "it replaces the restrictive Rule 404(b), which prevents parties from proving their cases through 'character' or 'propensity' evidence").

■ I likewise reject Mr. Sturm's argument to the extent that he asserts that prior possession of child pornography cannot constitute evidence of child molestation because the case law to date pertains only to evidence admissible under Fed.R.Evid. 414(d)(3) and 414(d)(4), which define "child molestation" as actual contact with a child, as opposed to possessing child pornography. Although my research fails to reveal a case in the Tenth Circuit which a court has applied Fed.R.Evid. 414 to a prior conviction for child pornography, by defining it as conduct proscribed by Chapter 110 of Title 18, I conclude that it is. I am persuaded by the reasoning in *U.S. v. Bentley,* 475 F.Supp.2d 852, 854 (N.D.Iowa, 2007), in which a district court in Iowa concluded that evidence of past prior acts of sexual abuse of other child victims was admissible in the defendant's case in which he was charged with sexual exploitation of a child, as well as possession and transport of child pornography. In that case the defendant argued that the various child pornography charges did not constitute "an offense of child molestation" and, as such, Fed.R.Evid. 414 does not apply. *Id.* at 856. The court rejected that argument, and applied the "broad" definition in Fed.R.Evid. 414(d)(2) to conclude that charges of child pornography constituted offenses of "child molestation." *Id.* When assessing the probative value of the proffered evidence, the *Bentley* court recognized the difference between the alleged prior acts of physical abuse and the charges of pornography; however, the court noted that "[t]he child pornographer, like the child rapist, displays a sexual interest in children" and that "producing, possessing or transporting pornographic photographs of children are, in themselves, forms of child sexual abuse." *Id.* at 858. Furthermore, the *Bentley* court stated that "Congress implicitly recognized these similarities between acts of physical sexual abuse against children and child pornography offenses when it commonly defined them as "offenses of child molestation" within the ambit of Rule 414." *Id.* at 858–59. Although *U.S. v. Bentley, supra,* is not exactly on point, its rationale is persuasive, and I apply it here. Because I conclude that Mr. Sturm's prior Ohio conviction under R.C. § 2907.322(A)(5) meets the definition of an offense of child molestation pursuant to Fed.R.Evid. 414(d)(2), I conclude that the evidence proffered is evidence of the defendant's commission of another offense involving child molestation, pursuant to the second threshold requirement under Fed.R.Evid. 414.

## Requirement # 3: Proffered Evidence is Relevant Per Rule 401 & Admissible Per Rule 403

■ Finally, I address the third requirement under Fed.R.Evid. 414, which is whether evidence of Mr. Sturm's prior conviction is relevant, pursuant to Fed.R.Evid. 401, and still admissible after applying the balancing test of Fed.R.Evid. 403. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. It is clear that the proffered evidence of Mr. Sturm's prior conviction in Ohio for "Pandering Sexually Oriented Matter Involving

a Minor" is relevant, as propensity evidence, under Fed.R.Evid. 401. The relevant Ohio statute makes is a crime for a person to "[k]nowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity ..." R.C. § 2907.322(A)(5). Mr. Sturm is likewise charged here with possessing and receiving child pornography, which is defined as "any visual depiction ... of sexually explicit conduct, where ... the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C.A. § 2256(8)(A). "A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant." *U.S. v. Guardia, supra*, 135 F.3d at 1328 (citations omitted). Because the prior conviction in Ohio was for soliciting, receiving, purchasing, exchanging, possessing, or controlling material "that shows a minor participating or engaging in sexual activity," it is clearly relevant to Mr. Sturm's propensity to commit the charges in this case for possession and receiving visual depictions that "involves the use of a minor engaging in sexually explicit conduct." Thus, the proffered evidence here is relevant under Fed.R.Evid. 401.

■■■ However, even when it is determined to be relevant, Fed.R.Evid. 414 evidence is subject to the balancing test of Fed.R.Evid. 403, which excludes relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.*; *U.S. v. Meacham, supra*, 115 F.3d at 1495 (ruling that Fed.R.Evid. 414 evidence is subject to Fed.R.Evid. 403 balancing). The Fed.R.Evid. 403 balancing test requires the court to consider the following:

1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence.

*U.S. v. McHorse, supra*, 179 F.3d at 898 (*quoting U.S. v. Enjady*, 134 F.3d 1427, 1433 (10th Cir.1998)). The district court has an obligation "to fully evaluate the proffered evidence and make a clear record of the reasoning behind its findings as to whether the evidence survives the Fed.R.Evid. 403 balancing test." *U.S. v. Benally, supra*, 500 F.3d at 1089 (*quoting U.S. v. Guardia, supra*, 135 F.3d at 1331).

■■■ The first factor I look at is how clearly the prior act has been proved. The Government indicates that it intends to introduce evidence of Mr. Sturm's prior conviction in Ohio—which occurred in either 2003 or 2004—by way of official records of that conviction. I agree with the Government that there is likely no clearer proof that Mr. Sturm committed the prior act than official records showing that he entered a guilty plea, resulting in the prior Ohio conviction. So a jury could reasonably find by a preponderance of the evidence that the prior similar act occurred. *See U.S. v. Benally, supra*, 500 F.3d at 1088; *U.S. v. Sandoval, supra*, 410 F.Supp.2d at 1077 –1078 (*citing U.S. v. Mann*, 193 F.3d 1172, 1174 (10th Cir. 1999)).

■■■ As to the second factor, as discussed above, the proffered evidence of Mr. Sturm's recent prior conviction in Ohio is highly probative of the material fact regarding his propensity to receive and possess child pornography as charged here. "When analyzing the probative dan-

gers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *U.S. v. McHorse, supra*, 179 F.3d at 898 (*quoting U.S. v. Enjady, supra*, 134 F.3d at 1433). In addition, the following consideration may serve to influence this analysis: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *U.S. v. Benally, supra*, 500 F.3d at 1090–1091 (*citing U.S. v. Guardia, supra*, 135 F.3d at 1331). While there is always a risk that evidence admitted pursuant to Fed.R.Evid. 414 will contribute to an improperly-based jury verdict or distract the jury from the central issues of the trial, the danger is lessened here given the nature of the proffered evidence. It will not be time consuming to prove the prior conduct, and the similarity, as well as the relatively short time period between the prior act and the charged acts, mitigates in favor of it probative value and against unfair prejudice.

Third, I must assess how seriously disputed the material fact is. Mr. Strum does not challenge the material fact of his prior conviction. And, as pointed out by the Government, Mr. Sturm had the benefit of counsel, did not appeal, and served a six-month sentence in relation to his Ohio conviction. It appears that Mr. Sturm's guilty plea and conviction in Ohio is not disputed at all.

Finally, the fourth factor is whether the Government can avail itself of any less prejudicial evidence. The Government indicates that Mr. Sturm could stipulate as to his prior conviction, and that such stipulation might be considered less prejudicial. However, the Government also avers that "it is arguable whether presenting [Mr. Sturm's] prior conviction in that manner would be less prejudicial than presenting it as the Government proposes: by having the case agent read excerpts from the Ohio records into evidence." In this regard, the Government avers that introducing the records of Mr. Sturm's prior conviction at trial makes it less likely the evidence will contribute to an improperly-based jury verdict, as they can be introduced into evidence quickly and are not likely to distract the jury from the central issues of this trial.. The Government refers me to extensive Tenth Circuit case law that has consistently upheld the admission of evidence—under either Fed.R.Evid. 414 or Fed.R.Evid. 413—of questionable victim testimony regarding uncharged acts of sexual assault on a child, often over a number of years later. *See e.g. U.S. v. Benally, supra.*

I conclude that the probative dangers of admitting the evidence of Mr. Strum's prior conviction in this case are less and certainly not greater than those normally found in Fed.R.Evid. 414 cases. *See U.S. v. Sandoval, supra*, 410 F.Supp.2d at 1078. Based on the foregoing rationale, I conclude that the probative value of the evidence of his prior guilty plea and conviction, under Ohio law, for receipt or possession of child pornography is not substantially outweighed by the danger of unfair prejudice to Mr. Sturm in this case.

However, in order to minimize the risk that the evidence will contribute to an improperly-based jury verdict, and to miti-

gate the prejudice of the evidence, I will give Mr. Sturm the option of stipulating to the evidence of his prior conviction in Ohio. In addition, I will give an appropriate cautionary limiting jury instruction concerning the evidence at Mr. Sturm's request. With these considerations, I conclude that the evidence proffered by the Government here is admissible at trial under Fed. R.Evid. 414(a).

Finally, to the extent Mr. Sturm argues that Fed.R.Evid. 414 is unconstitutional, I note that his arguments are foreclosed by the Tenth Circuit ruling in *U.S. v. Castillo,* 140 F.3d 874 (10th Cir.1998).

ACCORDINGLY, for the reasons stated above, I DENY the Motion *In Limine* Re: Objection to Admission of Evidence Identified in "Government's Notice of Intent To Introduce Evidence Under Fed.R.Evid. 414" [**Doc # 178**].